B. H. McILHENNY, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, March 1, 1915.

MUNICIPAL CORPORATIONS: Sidewalks: Contributory Negligence: Jury Question. Where the public, including the plaintiff, used a sidewalk which had been in bad repair for a long time, and where plaintiff was influenced to use it on the day of the accident by the fact that the street was muddy and a ditch ran beside the walk between it and the fence, and he was using the ordinary care of a prudent person; it was held to be a case for the jury whether plaintiff was guilty of contributory negligence in stepping on a loose board whereby he fell and broke his leg.

Appeal from Jackson Circuit Court.—Hon. Frank G. Johnson, Judge.

AFFIRMED.

A. F. Evans, A. F. Smith and F. M. Hayward for appellant.

(1) Defendant's demurrer to the evidence should have been sustained because, with full knowledge of the defective condition of the walk, plaintiff was injured while exercising no care at all. Wheat v. St. Louis, 179 Mo. 572; Cohn v. K. C., 108 Mo. 387; Woodson v. Railroad, 224 Mo. 685; Knight v. Baltimore, 97 Md. 647; Diamond v. Kansas City, 120 Mo. App. 185; Welch v. McGowan, in Sup. Ct., not reported; Craine v. Met., 246 Mo. 393. (2) The court not only erred in refusing

to direct a verdict for the city because of plaintiff's negligence, but it erroneously told the jury that as a matter of law the plaintiff had a right to use this walk provided he exercised reasonable care after he got upon it. Wheat v. St. Louis, 179 Mo. 572; Erie v. Magill, 101 Pa. St. 616; Durkin v. Troy, 61 Barb. (N. Y.) 437; Craine v. Railroad, 246 Mo. 393; Welch v. McGowan, (Sup. Ct., not reported).

*J. T. Jennings* and *E. F. Halstead* for respondent.

ELLISON, P. J.—Plaintiff fell upon one of defendant's sidewalks and broke his leg. He brought this action charging the city with negligence and recovered judgment.

The walk was constructed of boards two inches thick and eight inches wide, laid over stringers. It was in bad condition; there being loose boards and in places boards were out altogether. But it had been in this condition a considerable time and the public including the plaintiff himself used it continuously. At the particular place where plaintiff was hurt there were two boards gone and the one next the vacancy, thus made, was loose. Plaintiff's business was going round that part of the city in a buggy taking orders for groceries. When he got near the place of the injury the street was so muddy he tied his horse and proceeded on foot. He took the sidewalk because of the mud in the street and a ditch that had washed out between the walk and the fence. He weighed about 200 pounds and in stepping on the loose board it pushed, or as a witness said, "it scooted out" into the vacant space, and plaintiff fell and broke his leg.

Nothwithstanding the bad condition of the walk the public used it. It was not in such condition as to make it apparent it could not be used with safety, by reasonable care, and the instructions required the jury to find that plaintiff was using such care. It was a

case for the jury. [Graney v. St. Louis, 141 Mo. 180; Chilton v. St. Joseph, 143 Mo. 192; Devlin v. St. Louis, 252 Mo. 203; Howards v. New Madrid, 148 Mo. App. 57; Lueking v. Sedalia, 181 Mo. App. 203.]

The judgment is affirmed. All concur.