ADA G. SNYDER, Respondent, v. KANSAS CITY, MISSOURI, and CENTRAL COAL & COKE COMPANY, Appellants. THE FIRST NATIONAL BANK OF KANSAS CITY, Executor and ETHEL C. BANKS, Executrix of the Estate of LUNN S. BANKS, Deceased, Defendants.*

Kansas City Court of Appeals. May 2, 1923.

1. **MUNICIPAL CORPORATIONS:** Contributory Negligence: Pedestrian Injured While Attempting, in Broad Daylight, to Pass Over Hole in Sidewalk Held Guilty of Contributory Negligence. Where plaintiff, while attempting in broad daylight to pass over a hole in a sidewalk, realized that it was dangerous before she stepped into it and fell, which defective place she could have easily avoided, *held* guilty of contributory negligence as a matter of law.

2. ———: Pedestrian Injured by Defect in Sidewalk not so Glaringly Dangerous That She Could Have Avoided it by Ordinary Care Held not Guilty of Contributory Negligence as a Matter of Law. A pedestrian injured while using a sidewalk by falling into a defect therein, which is not so glaringly dangerous that a person of ordinary care would have refused to use the same, is not guilty of contributory negligence as a matter of law.

---

*Headnote 1. Municipal Corporations, 28 Cyc., p. 1424; 2. Municipal Corporations, 28 Cyc., p. 1513.

(24)

Appeal from the Circuit Court of Jackson County.—*Hon. Samuel A. Dew,* Judge.

REVERSED.

*C. R. Leslie, Atwood, Wickersham, Hill* and *Levis & Chilcott* for respondent.

*E. M. Harber* and *Ilus M. Lee* for appellant, Kansas City.

*Morrison, Nugent & Wylder* for appellant, Coke Company.

BLAND, J.—This is an action for damages for personal injuries. At the close of plaintiff's case the demurrer to the evidence of defendant, Banks, was sustained but the demurrers of the defendants, Kansas City and Central Coal & Coke Company were overruled. The case was submitted to the jury resulting in a verdict and judgment against those two defendants in the sum of $10,000 of which $2500 was remitted. The city and the Coal & Coke Company have appealed. Since the case was lodged here the defendant, Banks, has departed this life and the case continues against his administrators. The city alleges not only that error was committed directly against it in the trial but that the court erred in sustaining the demurrer of defendant, Banks. The appellants urge that the court should have sustained their demurrers to the evidence for the reason that plaintiff was guilty of contributory negligence as a matter of law.

The facts show that about 3:30 P. M. on March 5, 1919, plaintiff, a woman sixty years of age, was returning to her home on Thirty-sixth Street near Troost Avenue, in Kansas City, Missouri. She crossed from the north to the south side of Thirty-sixth Street and in going upon the sidewalk on the south side ascended a driveway, or back-up way, from the street proper. When she reached the outer edge of the sidewalk she stepped

into or upon the side of a hole in the sidewalk proper, causing her to fall, breaking her right arm and causing other injuries. The driveway or back-up way was constructed for the purpose of permitting coal wagons to drive near a coal hole which existed in the wall of a large apartment building owned by defendant Banks, and which was opposite the driveway. At a date some years prior to the accident and after the sidewalk had been constructed the servants of the property owner made a concrete driveway from the paved street across the parkway to the sidewalk and from the sidewalk to the edge of the building directly beneath the coal hole. The driveway to the sidewalk was from four to six feet in length. The side-walk was five feet in width and the driveway between the sidewalk and the building was twenty-two and three-fourths inches in length. The hole which caused the fall was eighteen or twenty inches square and about four inches in depth and was made by one of the trucks of the defendant coal company.

It was a bright clear day and plaintiff's eyesight was good. She testified that when she approached the driveway she saw that it was broken. She did not see the hole that she afterwards stepped into until she got upon the driveway, when she noticed the hole but did not then realize that it was a dangerous place. When she reached a point within one step of the hole she paused realizing that she was in a dangerous place, but, thinking she could pass over it. in safety, made the effort and fell. Plaintiff first testified that she was proceeding at her ordinary gait, but upon cross examination she was confronted with her deposition and testified that, "Well, I guess I was in a little bit of a hurry to get home that day;" "I did not recall I was in a hurry, a while ago."

To use plaintiff's own language as to what occurred:—

"I was looking at the sidewalk as I went up, of course, I saw the hole. . . .

"Well, I went up the driveway in this direction, right this way (indicating), and I got into this hole right there (indicating), and I am very sure-footed, and careful in my walking, but I didn't realize how dangerous it was, until I got into that place right there (indicating), and in trying to get over it, I made a mis-step, in some way, and I thought I could step over it, carefully, but in doing so, I fell, I stumbled and fell, I caught my foot in some way, and fell. . . .

"I didn't realize the pavement was so badly broken, until I got up there, and when I got up there, I realized it was in bad condition, and I thought I could climb over there, but in doing so, I went a step further, and the foot caught in the broken pavement, and I don't know how I fell. . . .

"I crossed the street up this way (indicating) and that was this way (indicating) when I realized this payment, this driveway was broken, and when I got up in here (indicating) I realized that it was worse than I thought it was. . . .

". . . Q. Did I understand, Mrs. Snyder, you saw the hole, before you went up in the driveway, or you simply saw the broken driveway? A. Simply saw the broken driveway. I didn't realize there was a hole there, until I got into it.

"I thought if I would get over it, without any trouble, that I could get over it without any trouble by being careful, I thought I could get over it, and in doing so, you know, my foot caught somewhere, and it threw me. . . .

"Q. And you walked right on to it? A. I didn't realize it was so bad, until I got nearer the hole. . . .

"Q. What is your best recollection, you paused a moment, and then decided to go on? A. Yes. Q. Is that your recollection? A. Yes. Q. (continuing) that you paused by the hole, and then hesitated and started to go over the hole, as you thought you could make it? A. Yes, I thought I could go over it.

"Q. Do you think you were in an unsafe place, when you stopped? A. Why, sure. Q. You did? A. Yes. Q. I thought you said a moment ago, you thought you could go over the hole? A. I did think I could go on. Sometimes, realizing a dangerous place, we think we can get out of it, and sometimes we don't. Q. Were you standing perfectly still, at the place you have indicated? A. Well, I don't recall that I was standing perfectly still, or I was studying how to get over, I guess, thinking. Q. Was it the next step you made you fell, or did you walk several steps? A. Yes, the next step I made. . . .

"Q. Well, so then why were you stepping slow? A. Because I realized I was in a dangerous place. . . .

"Q. I understood you to say, with some emphasis, awhile ago, you thought you could walk across it, and you walked across in that way? A. I thought by being careful I could, and not hurt myself. Q. It turned out you were mistaken? A. Sure, I was mistaken. I wouldn't have fell if I hadn't been mistaken.

"Q. Why didn't you avoid it? A. I don't know why I didn't. Q. Why didn't you put your foot to either side of it? A. Well, why does a chicken cross the street?"

Plaintiff further testified that there was nothing deceptive about the appearance of the hole and the evidence shows that by taking a few steps she could have gone around it; that she had been over this sidewalk many times before she was hurt; that previously in passing the place she probably noticed the hole where she fell but paid no particular attention to it; that she did not remember seeing the hole before the time of her fall.

Does this evidence show that plaintiff was guilty of contributory negligence as a matter of law. We think it does. [Welch v. McGowan, 262 Mo. 709; Werthner v. Girard Ave. Farmers' Market Co., 218 Fed. 364; Town of Gosport v. Evans, 13 N. E. 256 (Ind.); Reynolds v. City of Centerville, 129 N. W. 949 (Iowa).] Before taking the last step plaintiff paused, realizing the danger of attempting to go over the hole. She testified that it

was broad daylight and there was nothing deceptive about the hole and she realized that it was dangerous before she stepped into or onto the side of the hole. She could have easily stepped around the defective place.

Plaintiff cites a number of cases in this State which she claims sustain her contention that she should not be adjudged guilty of contributory negligence as a matter of law and that this was a matter for the jury. Of course, when a question of this kind arises each case must be determined more or less upon its own facts. However, an analysis of the cases cited by plaintiff shows that they are to be distinguished from the one at bar. There are cases where recover was permitted the plaintiff when, walking upon a sidewalk and approaching a dangerous place which caused him to fall, he had presently in mind the defect but did not realize the danger. This distinction is pointed out in the case of Heberling v. City of Warrensburg, 204 Mo. 604, 614.

There are other cases where the plaintiff knew of the danger, having passed over the place before, but did not have presently in mind the existence of the defect or the consequent risk of walking into it, but was injured in the night time or under circumstances where his attention was momentarily diverted. If the danger was not so glaring that a person of ordinary care would not attempt to go over the defective place, then plaintiff was not guilty of contributory negligence as a matter of law. Such cases are Stretch v. Lancaster, 206 S. W. 388, Beauvais v. City of St. Louis, 169 Mo. 500; Taylor v. City of Springfield, 61 Mo. App. 263; Morris v. Railroad, 184 Mo. App. 106; Graney v. St. Louis, 141 Mo. 180; Chilton v. City of St. Joseph, 143 Mo. 192; Stephens v. Eldorado Springs, 185 Mo. App. 464; Costello v. Kansas City, 209 Mo. App. 155.

There is another class of cases where the entire width of the sidewalk was defective and such defect was known and the danger realized by the pedestrian who fell into the defect but plaintiff was permitted to recover for the reason that the pedestrian is allowed the use of the side-

walk even though he knows it is dangerous if it is not so glaringly dangerous that a person of ordinary care would have refused to use the same. [Heether v. Huntsville, 121 Mo. App. 495; Lueking v. City of Sedalia, 180 Mo. App. 203; McElhinney v. Kansas City, 188 Mo. App. 218.]

These situations are not like that in the case at bar nor has plaintiff cited any cases with facts similar to those here existing. Plaintiff before stepping into the hole saw it; she was not deceived in any way, but paused, realizing the danger of the situation and could have gone around the obstruction by taking a few steps. Through hurry, inattention or carelessness she made a mis-step and fell. If plaintiff under these facts is not guilty of contributory negligence as a matter of law, it would be hard to imagine a state of facts that would convict a pedestrian of such negligence that would amount to wanton self injury.

The court, for the reason stated, properly sustained the demurrer of defendant Banks and should have sustained the demurrers of all the defendants.

The judgment is reversed. All concur.

### ON MOTION FOR REHEARING.

BLAND, J.—Contention is made that the testimony shows that the sidewalk was broken to either side of the hole where plaintiff fell and plaintiff could not have stepped around the hole. There is evidence that all of the driveway was broken and the sidewalk broken around the hole and to either side, but the photographs introduced in evidence by plaintiff and those of the city show that the sidewalk for its entire width did not have holes in it but appears to afford a reasonably smooth surface for at least half its width. There is no evidence that the sidewalk was in such condition that plaintiff could not have gone around the hole without inconvenience or danger to herself. In fact she admits there was no reason why she could not have gone around the hole.

The motion for a rehearing is overruled.