### SOPER v. TOWN OF GREENWICH.

(Supreme Court, Appellate Division, Third Department.   March 13, 1900.)

1. HIGHWAYS—DEFECTS—LIABILITY OF TOWN—NOTICE.
    Under section 16 of the highway law, providing that "no action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months," etc., a copy of a claim, showing due verification, is sufficient.

2. SAME.
    A mailing of the copy to the town clerk or town board, of which the supervisor was a member, and which was actually received by the supervisor, is a sufficient service.

Appeal from trial term, Washington county.

Action by Julia F. Soper, administratrix of Frederick L. Soper, deceased, against the town of Greenwich for wrongful death. From a judgment dismissing complaint, plaintiff appeals. Reversed.

This action was brought against the defendant to recover damages for the death of plaintiff's husband, caused, as it is claimed, by the negligence of the defendant. The injury was suffered on March 31, 1897. A statement of the claim was verified by the plaintiff, May 5, 1897, and upon that day a copy of said verified statement of claim was mailed by a clerk of the plaintiff's attorney to the town clerk or town board of the defendant. These papers were actually received by the supervisor of the defendant. The claim was considered by the town board, and the town board decided to defend. A summons was served June 8, 1897. The original of the statement of claim remained in the possession of the plaintiff's attorney, and has been lost. The copy mailed to the town clerk or town board, however, is shown by the evidence to be a true copy of the verified claim.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Robert Payne, for appellant.
C. C. Van Kirk, for respondent.

SMITH, J. The complaint in this case was dismissed on the ground that the plaintiff had failed to comply with section 16 of the highway law in the service of the notice of claim, as required by that section. By that section it is provided:

"No action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrued, and no such action shall be commenced until fifteen days after the service of such statement."

The claims of the respondent are—First, that a mailing of a notice to the town clerk or town board was not a presentation to the supervisor; secondly, that a presentation of a copy of the verified claim was not sufficient as a compliance with the statute.

It can no longer be questioned that the legislature has the right to prescribe, as a condition precedent to the bringing of an action for such injuries, that the plaintiff shall give notice to the municipality, and it may prescribe as to what shall be the nature of that notice, and to whom it shall be delivered. In construing such statutes, however, the court should not be eager to find a forfeiture by reason of a failure to comply with the statute in its most technical construction. A fair and reasonable construction should be given, on the one hand to preserve to the claimant his right of action, if he shall have one, and on the other hand to preserve to the municipality the benefit intended by the section. In Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, Martin, J., in writing of a similar statute, says:

"Its purpose was that a notice should be given which would inform the law officer of the city of the nature of the claim, the place where and the circumstances under which it arose, and of a purpose on the part of the plaintiff to enforce it."

Again:

"The plain object of this statute was to provide means by which the city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed. On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass

parties in the enforcement of their rights. While, in an action like this, the statute must be substantially complied with or the plaintiff cannot recover, still, where an effort to comply with it has been made, and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient. The claim that the service of a proper notice under the statute constituted a part of the plaintiff's cause of action is not quite correct. The absence or presence of such a notice relates to and affects the procedure rather than the cause of action. It relates to the remedy, and not to the right."

Within this rule of construction, we think the plaintiff has fairly complied with the statute. The mailing of the notice probably was not sufficient, unless it actually reached the supervisor, but the supervisor has sworn that he actually received the paper. It was addressed to the town clerk, or the town board, of which the supervisor was a member. The purpose of the paper was therefore apparent, and the supervisor was bound to and did take notice thereof as of a claim lawfully presented. In Missano v. Mayor, etc., 160 N. Y. 123, 54 N. E. 744, where the statute required a notice of an intention to commence an action to be filed with the corporation counsel, and the notice was, in fact, filed with the comptroller, but was by him sent to the corporation counsel, who filed it, and acted upon it, it was held that the statute was complied with. By parity of reasoning, it would seem that where this claim was in fact received by the supervisor, and acted upon by him, in that respect it should be deemed to have been served upon the supervisor as required by the statute.

We are also of opinion that the statute was fairly satisfied by serving upon the supervisor a copy of a claim which had in fact been duly verified, where the copy purported to show such a verification. "A statute should be construed in reference to the whole system of which it forms a part." Suth. St. Const. § 284. Service of this notice, while not strictly in an action, was a condition precedent to an action,—part of the remedy of which the action was a subsequent part. In actions it is a general custom to serve papers by serving upon the opposite party a copy thereof. It is true that by the Code the service of a copy is in some instances specifically prescribed. But that is not always the case. The Code provides that in certain cases an offer of judgment may be served. There is no provision as to how it may be served, but it has been held that the service of a copy satisfies the statute. In Smith v. Kerr, 49 Hun, 29, 1 N. Y. Supp. 454, the general term of the Fifth department so held. While the word "service" has an accepted meaning in relation to papers served in an action, it seems to us that a construction of this statute would be unnecessarily strict which would give to the word a different meaning when applied to a proceeding which is a condition precedent to the bringing of an action and part of the remedy itself. This claim was verified, and the claim was served upon the supervisor. Every purpose of the statute was then sufficiently satisfied, we think, to save a forfeiture of the claim. The case of Gates v. State, 128 N. Y. 221, 28 N. E. 373, cited by the respondent, differs from the case at bar, in that the statute required certain acts to be done in order to give the board

of claims jurisdiction to act. It was there held that the statute should be strictly complied with. Here there is no question of jurisdiction, and the statute to be construed is one which pertains to the remedy only. Moreover, in the Gates Case it does not appear that the claim was ever filed in the office of the appraisers, as was required by the statute there under consideration. If these views be correct, the complaint was improperly dismissed, and the judgment should be reversed.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event. All concur, HERRICK, J., in the result.