HAMILTON v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—INJURIES—TRIAL—DIRECTION OF VERDICT.
    Where plaintiff, who was walking at an ordinary gait, fell because of ice formed on the sidewalk, and sustained injury by catching his foot in a hole 34 inches long, and from 4 to 12 inches wide, worn in the crossing by heavy wagons, and the defect in the crossing had existed for a year or more, the entry of a nonsuit was erroneous, the question of the city's negligence being for the jury.

2. SAME—PROXIMATE CAUSE.
    Where plaintiff fell because of ice on the sidewalk, and sustained injury by catching his foot in a hole worn in the crossing by heavy wagons, the hole in the crossing, and not the accumulation of ice, was the proximate cause of the injury.

3. PERSONAL INJURIES—NOTICE OF SUIT—WAIVER.
    Buffalo City Charter, § 16, provides that no action can be commenced against the city for injuries until 40 days after a verified claim has been presented to the city council, and that notice of an intention to commence such suit shall be filed with the corporation counsel within six months after the action shall have accrued; and section 171 makes it the duty of the corporation counsel to investigate claims for injuries, and authorizes him to examine witnesses before the mayor for that purpose. Plaintiff filed a verified claim with the city clerk on March 10, 1898, and in the latter part of that month plaintiff and her physician were examined as to the injury by the assistant city attorney, and in May the same officer refused to settle the claim, and informed plaintiff's attorney that no notice of an intention to bring suit need be filed with the city counsel. *Held*, that the requirement to file notice of suit was waived.

4. SAME—ASSISTANT CITY ATTORNEY—AUTHORITY.
    Laws 1886, c. 572, requires that a notice of an intention to sue the city of Buffalo for injuries must be filed with the corporation counsel or "other proper law officer" within six months after the cause of action accrued. *Held*, that where the assistant city counselor conducted the negotiations for the settlement of a claim for injuries, and had charge of the case, he had authority to waive the filing of notice of an intention to sue, since all of the work of a department of a large city cannot be performed by its chief officer.

    Laughlin and McLennan, JJ., dissenting.

Appeal from trial term, Erie county.

Action by Howard A. Hamilton against the city of Buffalo. From a judgment in favor of defendant and from an order denying a new trial, plaintiff appeals. Reversed.

This action was commenced June 6, 1898, to recover damages for injuries sustained by the plaintiff in falling in a hole in the sidewalk on Erie street,

in the city of Buffalo. The northerly crossing of that street at its intersection with the Terrace was composed of flagstones. The ends of these stones had been worn or chipped off by the passing of heavy carts until a triangular shaped hole had formed, 28 to 34 inches in length, about 4 inches in depth, and 12 inches in width at one end, and tapering to a point. This hole had existed for a year or more. On the 26th day of February, 1898, the plaintiff was walking at an ordinary gait along this cross walk to his place of business. The ice and snow had formed on the walk, and the plaintiff slipped, his foot going into this hole, and he was thrown to the ground, and his ankle wrenched, inflicting upon him injuries which have ever since interfered with the free use of his foot. Other facts appear in the opinion.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

John Cunneen, for appellant.
Henry W. Killeen, for respondent.

SPRING, J. The merits of this case involved fair questions of fact as the testimony stood when the plaintiff rested. The defect in the sidewalk had been of long standing, and was of sufficient consequence so that the jury might have found that it called for the intervention of the municipality to repair it. The plaintiff was walking along, reasonably observant for a man traveling over a street of a great city, and whether he exercised the care and caution required of him was for the jury to say. That the snow may have fallen recently is of no especial consequence, as the injuries were attributable to the hole in the walk, and that defect was therefore the proximate cause of the accident, and indispensable to its happening, and that established the liability of the city, though it may not have been responsible for the other antecedent cause. Ring v. City of Cohoes, 77 N. Y. 83; Scandell v. Construction Co., 50 App. Div. 512–516, 64 N. Y. Supp. 232.

The perplexing question arises over the omission of the plaintiff to file the notice of intention to sue with the corporation counsel. Section 15, Rev. Charter Buffalo (chapter 105, Laws 1891), requires that every claim for damages for personal injuries shall be verified and filed with the city clerk for presentation to the common council, which is the legislative body of the city. By section 16, no action can be commenced until 40 days have elapsed after the filing of the claim pursuant to the preceding section. By section 171 of the charter, the corporation counsel is charged with the duty of investigating all claims for personal injuries, and, with that view, is authorized to examine witnesses, and to "require the claimant, with the privilege of counsel, to appear before and be sworn by a judge of a court of record, the mayor," etc., "and answer orally any questions   *   *   * that may assist him in ascertaining the city's liability or the extent thereof." This examination is to be held within 40 days after the claim has been presented, unless there has been an extension of time granted as provided by the section. It is apparent, therefore, that the common council must communicate with the corporation counsel; for there is no provision requiring that the claim be filed with the law department of the city, and of which the corporation counsel is the ·chief. The mode of procedure implied is that the legislative body, pre-

liminary to its action, refers the claim to the law officer for investi-
gation, and upon facts ascertained in connection with the verified
claim it is supposed to act. Section 16 of the charter further pro-
vides: "And no action shall be maintained against the city for per-
sonal injury, unless notice of intention to commence such action
shall have been filed with the corporation counsel within six months
after such cause of action shall have accrued." Chapter 572 of the
Laws of 1886 contains a similar provision, except that it defines what
the notice must contain. This notice is entirely independent of the
filing of the claim with the clerk, but no procedure is prescribed de-
pendent upon it. It is, however, a requirement of the statute, and
compliance with it is essential before an action can be maintained.
Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80.

The plaintiff caused his verified claim to be filed with the city clerk
on the 10th day of March, 1898, and evidently the law department
of the city was soon apprised of its presentation. In the latter part
of the month the attorney for the plaintiff and the assistant city at-
torney conferred together concerning the claim, and, by arrangement
between them, the plaintiff was examined by that officer, and still
later the physician of the claimant appeared at the office of the cor-
poration counsel, and was examined as to the character and extent
of the injuries, all of which was taken by a stenographer of the law
department. The assistant city attorney then declined to attempt
any adjustment of the claim until it was passed upon by the common
council. In the month of May the attorney for the plaintiff had
another conversation with the assistant city attorney, and the follow-
ing occurred:

" 'Well, have you heard anything?' And he says, 'Yes; there is no chance.
They have refused the claim. They won't make a settlement.' 'Well, then,' I
said, 'Henry, if there is no chance of making any settlement, will it be neces-
sary for me to file the notice of intention?' And, as I understood it, he said,
'No, you need not file any notice; there will be no settlement in the case, so
that you may as well commence the action at once.' "

This action was commenced promptly after this conversation. The
contention of the defendant is that the notice of intention must be
filed with the corporation counsel, and also that this officer has no
authority to waive the requirement. A similar provision is found in
the charter of the city of New York, and the general term and the
appellate division of the First department in several cases gave to it
a very strict construction. Babcock v. Mayor, etc., 56 Hun, 196,
9 N. Y. Supp. 368; Foley v. City of New York, 1 App. Div. 586, 37
N. Y. Supp. 465; Missano v. Same, 17 App. Div. 536, 45 N. Y. Supp.
592; Sheehy v. City of New York, 29 App. Div. 263, 51 N. Y. Supp
519. Section 1104 of the city consolidation act of New York required
every claim to be presented to the city comptroller, and provided that
no action could be maintained thereon until 30 days had expired
after its presentation. The comptroller, by section 123 of the act,
was empowered to examine the claimant orally touching his claim,
but, as a matter of practice, this examination was conducted by the
corporation counsel in behalf of the comptroller. Chapter 572 of
the Laws of 1886, requiring notice of intention to sue to be filed with

the counsel for the corporation, was then in force. In the Missano Case the claimant filed with the comptroller a proper statement of his claim, embodying in it both a notice of intention to sue and a statement of his cause of action, reciting therein that this was done "in compliance with section 1104 of the consolidated act of New York City." Bear in mind that section required no notice of intention to sue, but did make the presentation of the claim to the comptroller a necessity. The comptroller turned the statement over to the corporation counsel, who received and filed it in his office, and subsequently the plaintiff was examined at the instance of the comptroller by the corporation counsel. The appellate division held this notice was insufficient. The court of appeals (160 N. Y. 123, 54 N. E. 744) reversed the judgment of the lower court, explicitly holding that the provision requiring notice of intention to sue "affected, not the cause of action, but the remedy, by regulating the procedure." In Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, a statement reciting plaintiff's claim and a demand for pay, but containing no notice of intention to sue, was filed in the office of the corporation counsel, and was treated by that functionary as a notice of intention, and the court of appeals held this was adequate, and reiterated the doctrine that the filing of this notice did not constitute a part of plaintiff's cause of action, but pertained to the procedure—to the remedy— rather than to the substance of the action. See, also, Soper v. Town of Greenwich, 48 App. Div. 354, 62 N. Y. Supp. 1111. In the Missano Case the notice served was ample to conform either to the requirements of the consolidated act or of chapter 572 of the Laws of 1886. It therefore could have been well held that this was merely an attempt to comply with the duty imposed to file the claim with the comptroller. The notice stated it was served in compliance with section 1104 of the consolidated act, which made the filing of the claim with the comptroller a necessary preliminary to suing; that is, one notice or statement was held to fulfill the requirements of the two separate statutes relating to two distinct officials, because it was received by one, and by him transmitted to the other. Yet this delivery to the corporation counsel was probably essential to enable that official to conduct the examination which the comptroller directed. The filing of the notice is for the benefit of the defendant. Missano v. City of New York, 160 N. Y., at page 133, 54 N. E. 744. It therefore seems well settled by authority that the filing of the notice pertains wholly to the procedure, and that it is wholly for the advantage of the city. It has uniformly been held that whatever regulates the conduct of the trial and relates to the remedy, or whatever is required peculiarly for the benefit of one party, may be waived. In re New York, L. E. & W. R. Co., 98 N. Y. 447–453; Allen v. Commissioners, 38 N. Y. 312–316 et seq.; Titus v. Insurance Co., 81 N. Y. 410–418.

In the present case the corporation counsel had examined the plaintiff and his physician, and the claim had been rejected by the common council. He had made all the investigation he desired. Apparently he did not wish to attempt to compromise the claim. He voluntarily informed the attorney for the plaintiff that no notice of in-

tention need be filed. It would serve no useful purpose to him. This notice was to advise him suit was to be brought. He knew it, and even suggested its immediate commencement, if at all. The attorney for the plaintiff, if his story is to be credited, was misled by this explicit waiver of the obligation of the statute, and refrained from fulfilling it. He relied upon the positive statement that it was unnecessary. The authorities cited by the counsel for the defendant (Curry v. City of Buffalo, 135, N. Y. 366, 32 N. E. 80; Merz v. City of Brooklyn [City Ct. Brook.] 11 N. Y. Supp. 778; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792) assert the general principle as to the necessity of filing notice of intention. The question of waiver, or of the authority of the corporation counsel to dispense with the notice, was not before the court in any of those cases. The assistant city attorney had charge of the case, tried it on behalf of the city, and conducted the preliminary examination of the plaintiff and his physician. He was "the other proper law officer" of the city referred to in chapter 572, Laws 1886, with whom the notice of intention to sue could be filed. All the work of any department of a great city cannot be performed by its chief, but must be intrusted in a measure to subordinates, and those who have control of any especial branch or case must possess the authority to represent the department as to anything relating to the procedure or ordinary routine. The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.

ADAMS, P. J., and WILLIAMS, J., concur.

LAUGHLIN, J. (dissenting). Although it has been held that the statute requiring that a notice of intention to commence an action on a claim for negligence against a municipality affects "the remedy and not the right," the "procedure rather than the cause of action" (Sheehy v. City of New York, 160 N. Y. 139–143, 54 N. E. 749, 750), nevertheless the law is well established that a substantial compliance with this statute must be alleged and proved as a condition precedent to plaintiff's right to maintain the action (Curry v. City of Buffalo, 135 N. Y. 366–370, 32 N. E. 80; Krall v. City of New York, 44 App. Div. 259, 60 N. Y. Supp. 661; Missano v. City of New York, 160 N. Y. 123, 54 N. E. 744; Kennedy v. City of New York, 34 App. Div. 311, 54 N. Y. Supp. 261; Merz v. City of Brooklyn [City Ct. Brook.] 11 N. Y. Supp. 778, affirmed in 128 N. Y. 617, 28 N. E. 253). One of the purposes of this enactment was to afford cities a defense to such causes of action where the law officer who would have charge of conducting the defense shall not have received formal written notice apprising him that the claimant intends to resort to the courts for redress. Section 170 of the charter of Buffalo (chapter 105, Laws 1891) requires that an abstract of the several steps in actions and proceedings be entered in law registers in the department of law, and section 171 thereof provides for the keeping of an accident report book, wherein the names of probable claimants against the city for personal injuries and of material witnesses are required to be entered. Strictly construed, these provisions may not require any entry to be made in

these records of notices of intention to bring actions against the city. Such notices, however, become public records, which customarily are and should be entered upon the official records of the law department. They are intended not only for the use and guidance of the corporation counsel then in office; but of his successor as well, and also for the information of other public officials who are authorized to oversee, inquire into, or investigate the management of the law department. It is now proposed to hold that the second assistant to the corporation counsel may verbally waive this requirement, upon the street or anywhere and at any time, without consulting the corporation counsel or making an entry of such waiver in the official records. I deem the doctrine of the prevailing opinion against public policy, and believe it may lead to fraud, collusion, and corruption in reviving stale claims wherein the causes of action have been lost by a failure to comply with the statute. It is not necessary in this case to decide whether the corporation counsel personally could in any manner, or under any circumstances, waive service of such notice. For these reasons I dissent, and vote for affirmance.

McLENNAN, J., concurs.