MRS. SOPHIA HEETHER, Respondent, v. CITY OF HUNTSVILLE, Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. **MUNICIPAL CORPORATIONS: Street Crossing: Pleading: Petition: Personal Injury: Practice.** A petition for personal injury on a street crossing is summarized in the opinion and held good against an objection to the introduction of any testimony at the trial, since more allowances are made in favor of a petition when such objection is raised, than when the petition is attacked directly by demurrer before trial.

2. ———: ———: **Personal Injury: Evidence.** Evidence relating to a personal injury on a street crossing is reviewed and held sufficient to send the question of liability to the jury.

3. ———: ———: ———: ———: **Contributory Negligence.** Held that whether the kind of shoes worn by plaintiff at the time of her injury in falling on a street crossing, indicated a lack of due care on her part is a question for the jury.

4. **Appellate Practice: Instructions.** Where the defendant's instructions properly cover every theory of the defense and the plaintiff's are the usual statement of law in such cases, there is no ground for complaint though certain instructions objected to are not so identified as to be recognized in the record.

5. **EVIDENCE: Practice: Trial: Objection: Exception.** An objection to evidence is not sufficient unless the record shows an exception saved to the action of the court.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Aubrey R. Hammett, J. H. Whitecotton* and *Fred Lamb* for appellant.

(1) The court erred; first, in receiving any evidence at the opening of the case, because the petition does not state facts which, if true, would constitute a cause of action against the defendant; second, in refusing defendant's demurrer at the close of plaintiff's case; third, in refusing to give defendant's peremptory instruction at the close of all the evidence. Reedy v. St. Louis, 161 Mo. 537, and cases there cited; Boulder v. Niles, 9 Colo. 415; Chicago v. McGiven, 78 Ill. 347; Aurora v. Parks, 21 Ill. App. 459; Chicago v. Bixey, 84 Ill. 82; Branburg v. Des Moines, 63 Iowa 523; Smyth v. Bangor, 72 Me. 249; Stanton v. Springfield, 12 Allen 566; Hutchins v. Boston, 12 Allen 571; Johnson v. Lowell, 12 Allen 572; Nanson v. Boston, 14 Allen 508; Luther v. Worcester, 97 Mass. 268; Stone v. Hubbordston, 100 Mass. 49; Gilbert v. Roxbury, 100 Mass. 185; Punkham v. Topsfield, 104 Mass. 78; McKean v. Salem, 148 Mass. 109; Henkes v. Minneapolis, 42 Minn. 530; Taylors v. Yankers, 105 N. Y. 202; Kinney v. Gray, 108 N. Y. 567; Manch Chunk v. Kline, 100 Pa. 119; Cook v. Milwaukee, 24 Wis. 270; Womack v. St. Joseph, 168 Mo. 241; Quinlin v. Kansas City, 104 Mo. App. 616; Reno v. St. Joseph, 169 Mo. 656. (2) Instruction numbered 2, asked by the defendant and refused by the court, should have been given. (3) The court should have given defendant's instructions numbered 11 and 12, and the court should have declared as a matter of law that the plaintiff was negligent. Cohn v. Kansas City, 108 Mo. 390; Erie v. Mogill, 101 Pa. 616; Grosport v. Evans, 112 Ind. 133; Centralia v. Krause, 64 Ill. 19; Moore v. Hunting-

ton, 31 W. Va. 842; Forker v. Sandy Lake Borough, 130 Pa. 123. (4) Upon the whole case we submit, there is no substantial evidence that the street crossing was in its construction or maintenance defective and that there is no evidence of such accumulation of ice and snow as would amount to an obstruction. The power and duty of this court to reverse the judgment of the trial court is clear. Garrett v. Grennwell, 92 Mo. 120; Whitset v. Lanson, 79 Mo. 258; Heweet v. Daughter, 25 Mo. App. 326; Long v. Mason, 107 Mo. 334; Spohn v. Railroad, 87 Mo. 74; Brown v. Kansas City, — Mo. —; Powell v. Railroad, 76 Mo. 80; Ockley v. Straehlin, 56 Mo. 558; Hume v. Keath, 63 Mo. 84; R. S. 1899, sec. 866; Oglesby v. Railroad, 150 Mo. 226. (5) The court erred in refusing defendant's instruction numbered 14. (6) Defendant's instruction numbered 15 should have been given. (7) Plaintiff alleges "That she was compelled to employ physicians and nurses and buy medicines, and in this behalf, she was compelled to expend and did expend the sum of $250." Under this allegation it was error to admit evidence of "obligation incurred," and error to submit such an issue. Muth v. Railroad, 87 Mo. App. 423; Stanley v. Railroad, 87 S. W. 112; Nelson v. Railroad, 88 S. W. 781.

*Will A. Rothwell* for respondent.

(1) The law imposes on municipal corporations the duty of keeping their streets, sidewalks and crossings in a reasonably safe condition for the convenience of travel. Failing in this, they become liable for all resulting injuries. Loewer v. Sedalia, 77 Mo. 431; Maus v. Springfield, 101 Mo. 613; Flynn v. Neosho, 114 Mo. 572; Smith v. St. Joseph, 45 Mo. 449; Haniford v. Kansas City, 103 Mo. 172; Norton v. St. Louis, 97 Mo. 537; Riley v. Kansas City, 87 Mo. 103; Russell v. Columbia, 74 Mo. 480; Welsh v. St. Louis, 73 Mo. 71;

2 Dillon's Municipal Corporations (3 Ed.), p. 1010, sec. 998; 2 Dillon's Municipal Corporations (3 Ed.), p. 1016, sec. 1002, and following sections; 2 Dillon's Municipal Corporations (3 Ed.), p. 1028, sec. 1012. (2) Defendant's demurrer to the petition, or its equivalent, objection to the introduction of any evidence by plaintiff under the petition, should not have been sustained, and the court ruled correctly in refusing such demurrer, and in refusing to sustain such objection to the introduction of evidence. The petition states a cause of action. (3) As to the second of the said points, claimed as aforesaid by defendant, that is, that the verdict of the jury should have been for the defendant, it is enough to say that it is not the duty or the province of the appellate court to try cases at law upon the whole issue of the facts involved. "If there is sufficient evidence disclosed to take the case to the jury," then the appellate court will not disturb the verdict. Reno v. St. Joseph, 169 Mo. 643; McFarland v. Bellows, 49 Mo. 312; Bower v. Lazalere, 44 Mo. 389; Kelly v. Railroad, 70 Mo. 604; Frick v. Railroad, 75 Mo. 595; Wilson v. Board of Education, 63 Mo. 140; Buesching v. Gas light Co., 73 Mo. 231; Noeninger v. Vogt, 88 Mo. 592; Brown v. Railroad, 99 Mo. 310; Powell v. Camp, 60 Mo. 569; Hamilton v. Berry, 74 Mo. 176; Stephens v. Macon, 83 Mo. 356; Russell v. Berkstresser, 74 Mo. 417. (4) There was no contributory negligence. No evidence of conduct by plaintiff such as could be declared contributory negligence as a matter of law has been pointed out by defendant. No such evidence occurred at the trial. The question of contributory negligence was submitted to the jury; the jury correctly found that issue for the plaintiff. Brown v. Railroad, 99 Mo. 310; Beauvais v. St. Louis, 169 Mo. 503; Graney v. St. Louis, 141 Mo. 180; Loewer v. Sedalia, 77 Mo. 444; Maus v. Springfield, 101 Mo. 618; Chilton v. St. Joseph, 143 Mo. 192; Flynn v. Neosho, 114 Mo. 572; Loewer v. Sedalia, 77 Mo. 446; Barton v.

Springfield, 110 Mass. 131; Snow v. Provincetown, 120
Mass. 580.   Buesching v. Gas Light Co., 73 Mo. 232;
Smith v. St. Joseph, 45 Mo. 449; Thompson on Negli-
gence, pp. 1204, 1205, 1206, secs. 52, 53; Shearman &
Redfield on Negligence, sec. 414; Stephens v. Macon, 83
Mo. 353; Woods v. Boston, 121 Mass. 337; Hill v. See-
konk, 119 Mass. 35; 2 Thompson on Negligence, pp.
1172, 1197, 1198 and 1199.   (5)   The defendant's objec-
tion made under point 8 of its principal brief is without
merit, if for no other reason, on the ground that no ob-
jection was made, or exception saved, at the trial, to the
testimony involving said point.   R. S. 1899, sec. 864, p.
301; Haniford v. Kansas City, 103 Mo. 182; Tower v.
Moore, 52 Mo. 118; Lohart v. Buchanan, 50 Mo. 201;
Harrison v. Bartlett, 51 Mo. 170; State v. Williams, 77
Mo. 310; Margrave v. Ausmuss, 51 Mo. 561; Waller v.
Railroad, 83 Mo. 608.

ELLISON, J.—The plaintiff was injured by falling
on one of defendant's street crossings.   She brought this
action for resulting damage to her and recovered judg-
ment in the trial court.   The defense attacked the suffi-
ciency of the petition as to its stating a cause of action
by objections to any testimony being received.   A de-
murrer is the more direct course for such cause, and
while the courts permit the point to be raised by way
of objections to evidence, they are inclined to make more
allowances in favor of a cause of action being alleged
than if a demurrer had been offered before the trial
opened.   [Duerst v. Stamping Co., 163 Mo. 620, 621.]
We have examined the petition and find that it clearly
stated a cause of action.   It alleges defendant's duty
to maintain proper street crossings and that in viola-
tion of its duty it maintained a crossing over one of
its streets so constructed and shaped that when wet or
covered with sleet, snow or ice, it was dangerous for
use by pedestrians.   That it was constructed of vitrified
brick set on edge and was so narrow in width and con-

Heether v. Huntsville.

vex in form on its upper surface that when muddy or wet, or coated with snow or ice, or both, or when there was snow or ice thereon it was unsafe and dangerous to those passing over it. That on the day plaintiff fell thereon and for several days prior thereto, the crossing was coated with a covering of ice and snow, which, by reason of its faulty construction rendered it unsafe and dangerous. That defendant had knowledge of the snow and ice being thereon and of its dangerous condition, in that it was arched, broken and uneven, but yet permitted the same to remain in violation of its duty, etc. It alleges plaintiff's fall thereon while in the exercise of proper care and we think meets every requirement in cases of this character. Certainly the case of Reno v. City of St. Joseph, 169 Mo. 642, cited by defendant, does not support the point made against the petition. On the contrary, we think the effect of that case is to support it.

So, in our opinion, the trial court properly overruled the demurrer to the evidence. The point made by defendant in this respect is supported chiefly by references to portions of the evidence and that too for the defendant. But when the whole evidence is considered, we find that it called for the judgment of the jury and that the verdict given thereon is sufficiently supported, especially in this court after having received the approval of the trial court. There was evidence in the case tending to show that the crossing was made of vitrified brick, was about three feet wide and from one and a half to three inches higher in the center that at either edge. That so shaped, it was a dangerous construction when covered with snow or ice. That plaintiff in walking over the crossing fell on account of the snow or ice making the uneven construction slippery and dangerous. That pedestrians walking over the snow and ice had made it uneven. That she was painfully hurt and was carried home in a chair by the persons who came to her assistance.

It was shown by defendant that plaintiff was walking without using rubber overshoes and the kind of shoes she wore was also brought out, but we cannot say, as a matter of law, that this showed a lack of due care on plaintiff's part. It was a question for the jury. [Beauvais v. St. Louis, 169 Mo. 503; Chilton v. St. Joseph, 143 Mo. 192; Loewer v. Sedalia, 77 Mo. 431; Snow v. Provincetown, 120 Mass. 580; Barton v. Springfield, 110 Mass. 131.] We reject, *in toto,* defendant's claim that the evidence did not make out a case for the plaintiff. The argument in that behalf leaves out of view much of the evidence in her behalf and fails to give effect to an established rule in this State that the prevailing party has a right to call to the support of the verdict every reasonable inference which may be drawn from the evidence. [Wilson v. Board of Education, 63 Mo. 140; Buesching v. Gaslight Co., 73 Mo. 231; Brown v. Railroad, 99 Mo. 310.]

Complaint is made of the refusal of defendant's instructions 14 and 15. We do not find instructions so numbered in the abstract. We have, however, examined all given in defendant's behalf and find that they present every theory properly advanced in defense of the action. The last one (even as modified by the court) was certainly as liberal towards defendant as could be desired. Those for the plaintiff were the usual statement of the law in such cases and we find no objection to them.

It is claimed that it was error in the trial court to admit evidence, of "obligations incurred" under the allegations of the petition. An objection was made to such evidence, but the record does not show any exception taken to the ruling of the court.

There were other points made against the judgment which we find not to be of sufficient moment to authorize a disturbance of the result and hence order its affirmance. All concur.