(119 App. Div. 606)

## SCHEER v. VILLAGE OF PERRY.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

MUNICIPAL CORPORATIONS—TORTS—FILING CLAIM FOR DAMAGES—STATUTORY REQUIREMENTS.

Under section 322 of the village law (Laws 1897, p. 453, c. 414) an action for personal injuries cannot be maintained against the village, unless a verified statement of the nature of the claim and of the time and place at which such injuries were received is filed with the village clerk within six months after the cause of action accrued. Plaintiff's lawyers

made out the statement, and plaintiff verified it; but the lawyer, instead of filing the original statement, filed a carbon copy thereof, which was received without objection by the clerk. *Held* that, the original statement having been produced on the trial and the village not being misled, there was a substantial compliance with the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1562.]

Action by Nicholas J. Scheer against the village of Perry. A judgment was rendered for defendant. On motion for a new trial upon exceptions ordered, under Code Civ. Proc. § 1000, to be heard in the first instance in the Appellate Division. Exceptions sustained.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. A. Lovejoy and Frank W. Brown, for plaintiff.
L. A. Walker, for defendant.

WILLIAMS, J. The plaintiff's exceptions should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide the event.

The action was brought to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. At the close of the plaintiff's evidence the court granted a motion for a nonsuit, solely upon the ground that there was a failure to prove that a verified written statement of the nature of the claim, and of the time and place at which such injuries were alleged to have been received, was filed with the village clerk within six months after the cause of action accrued, as required by section 322 of the village law (Laws 1897, p. 453, c. 414), which provided that the action could not be maintained, unless such a statement was so filed. The plaintiff excepted. It appeared on the trial that the plaintiff went to Olmsted & Walker, attorneys, and employed them in reference to the claim; that Mr. Olmsted made out the statement under the statute, and plaintiff verified it, and left it with Mr. Olmsted to file with the village clerk; and that Mr. Olmsted caused a carbon copy of the claim to be made, including the verification, and then filed the copy with the village clerk and retained the original. It was apparently a mistake on Olmsted's part, from not correctly appreciating the statutory provision or mistaking the paper he so filed. No objection was made by the clerk to the filing of the copy, and no request made to file the original, instead of the copy. The plaintiff did not know the copy had been filed, rather than the original, until the question was raised on the trial, and very likely did not know what the statute required anyway. He intrusted the filing to Mr. Olmsted, his counsel. Before the action was brought, Mr. Walker, the law partner of Mr. Olmsted, had become village attorney, and, the papers thereupon having been delivered to the plaintiff, he employed other counsel and the action was brought.

There was no other objection made as to the sufficiency of the filing of a statement under the statute, except that the copy instead of the original was so filed. The statement was sufficient as to form and the filing was in due time. Under these circumstances we think there

was a substantial compliance with the statute, and that the court erred in granting the nonsuit. The filing of a statement was a condition precedent to the maintenance of the action, and there was not a strict literal compliance with the statute in filing the copy, instead of the original, but it would be a miscarriage of justice to deprive the plaintiff of his right of action for this mistake, when the village was not misled and in no way suffered, and the object and purpose of the statute was substantially complied with. The original was produced on the trial, and, if perjury was committed by the plaintiff in verifying the claim, plaintiff could be proceeded against criminally therefor.

In Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, where a similar statute was under consideration, and the question involved was the sufficiency of the statement or notice, the court in its opinion, among other things, said:

"The plain object of this statute was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed. On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights. While in an action like this the statute must be substantially complied with, or the plaintiff cannot recover, still, where an effort to comply with it has been made, and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient."

The judgment of nonsuit and affirmance by the Appellate Division was reversed on this ground, and new trial ordered.

In Soper v. Town of Greenwich, 48 App. Div. 354, 62 N. Y. Supp. 1111, where a similar statute was under consideration, and where the verified statement was required to be presented to the supervisor of the town, and where a copy, instead of the original, was mailed to the town clerk, but was by him delivered to the supervisor, the court held the statute was substantially complied with, and a nonsuit upon this ground was erroneously granted. The court said, among other things:

"The statute was fairly complied with by serving upon the supervisor a copy of the claim, which had in fact been duly verified, when the copy purported to show such a verification."

In that case the original had been lost and was not produced on the trial.

In Magee v. City of Troy, 48 Hun, 383, 1 N. Y. Supp. 24, where a similar statute was under consideration, and where the original verified claim was shown to the comptroller, and a copy was delivered to and left with him, it was held that the statute was substantially complied with, in the absence of any objection by the comptroller or demand of the original; that the comptroller obtained the notice the law contemplated. A refusal to grant a nonsuit on this ground was upheld.

We do not feel like approving of any relaxation of the rule requiring a reasonably strict compliance with the statutes of this kind; but it seems to us, under the peculiar circumstances of this case, it should not

be held that the plaintiff has been deprived of his right to maintain this action by a failure to comply with the statute in question.

Plaintiff's exceptions sustained, and motion for new trial granted, with costs to the plaintiff to abide the event. All concur.