HARRY L. ROCKWELL, Appellant, *v.* THE CITY OF SYRACUSE, Respondent, Impleaded with DOMINICK VACCO and NICHOLAS FRANCHER, Defendants.

Fourth Department, May 17, 1939.

*Ralph Shulman,* for the appellant.

*James C. Tormey, Corporation Counsel [George T. Driscoll, Assistant Corporation Counsel,* of counsel], for the respondent.

*Bond, Schoeneck & King,* for the defendants Dominick Vacco and Nicholas Francher.

PER CURIAM. The court granted a nonsuit as to the defendant the city of Syracuse, upon the ground, among others, that the notice of claim served upon the city officials was not verified. A notice of plaintiff's claim was prepared and verified. Copies thereof were served upon the proper officials of the city within the time prescribed therefor. Such copies so served were type-written. The name of the plaintiff appears at the end of the affidavit of verification in typewritten form, as does also the name of the commissioner of deeds who took the oath of claimant.

The Second Class Cities Law (§ 244) provides that the city shall not be liable in an action for damages for personal injuries unless a claim therefor in writing " verified by the oath of the claimant " shall within three months be presented to the common council and served upon the mayor or the city clerk.

It is necessary that a claim be verified and that the affidavit of verification be subscribed by the claimant. (*Ponsrok* v. *City of Yonkers,* 254 N. Y. 91; *Mozarsky* v. *Whinston Bros., Inc.,* Id. 552; *Bonachea* v. *Westchester Park County Commission,* 243 App. Div. 789; *Dwelle-Kaiser Co.* v. *Frid,* 233 id. 427; affd., 259 N. Y. 546.)

As the form of the notice of claim is prescribed by statute, the court has not the power to amend such notice unless the statute so provides. (*Matter of Passero & Sons, Inc.,* 237 App. Div. 638.) In that case it appeared that the notices of lien did not contain affidavits of verification but did contain corporate acknowledgments. The liens were ordered discharged, upon the ground that they were not verified. The motion to amend the notices on the ground that the lienor had orally sworn before a notary public to

the truth of the statements contained in such notices of lien, was denied. It was also held therein that verification requires not only actual swearing to the truth of the statements by the subscriber, but also the certification thereto by the notary or other officer authorized by law to administer oaths.

When the names of the claimant and of the officer who took his oath are affixed to the affidavit of verification of the claimant in typewritten form, such claim is not verified by the oath of the claimant. Certainly, when an officer certifies that an oath was administered by him, such certification must be actually signed by him in his own handwriting. The court may not hold that a notice of claim which does not comply with the statute is sufficient even though the city officials have not been misled thereby and have otherwise received notice of the time and place when and where the injuries were claimed to have been received and the circumstances under which it is asserted they were received. (*Lewis* v. *City of New York*, 278 N. Y. 517.)

The judgment should be affirmed, with costs. As the motion for a nonsuit was made and ruled upon during the course of the trial, the ruling of the court thereon is reviewable upon appeal from the judgment. The judgment dismissing the complaint could have been entered upon the clerk's minutes of trial. Therefore, it was not necessary to enter an order granting such motion and the appeal from such order should be dismissed.

All concur, except SEARS, P. J., and DOWLING, J., who dissent and vote for reversal and a new trial on the authority of *Scheer* v. *Village of Perry* (119 App. Div. 606) and *Soper* v. *Town of Greenwich* (48 id. 354). Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment affirmed, with costs. Appeal from order dismissed, without costs.