## CITY OF TULSA v. WHEETLEY.

No. 28786. March 12, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 834.*

H. O. Bland, Milton W. Hardy, and E. M. Gallaher, all of Tulsa, for plaintiff in error.

W. N. Maben and Joe W. Simpson, both of Tulsa, for defendant in error.

OSBORN, J. This action was instituted in the district court of Tulsa county by Pairlee Wheetley, hereinafter referred to as plaintiff, against the city of Tulsa, hereinafter referred to as defendant, wherein plaintiff sought to recover damages from defendant for injuries alleged to have been sustained from falling upon an ice-coated street. The cause was tried to a jury and resulted in a verdict for plaintiff in the sum of $10,310. Defendant has appealed.

It appears that on the 25th day of January, 1937, at about 1 o'clock p. m., plaintiff started to cross Third street on the crosswalk at the intersection of Third and Main streets, near the center of the business district of the city of Tulsa; that Third street at that point is approximately 10 inches higher in the center than at the curb, sloping gradually from the center to the curbs; that at or near the point of the accident there existed a slight depression in the pavement beginning some eight inches from the curb and extending lengthwise with the street some four or five feet,

and was some 18 inches in width and varied in depth from one-half to two inches. It appears that there had been intermittent snow fall over the streets of Tulsa from about the 21st of January, 1937, and that there was a general condition of ice and snow upon the streets of the city; that city officials employed crews of men to remove the snow from the main thoroughfares, including Third street, and that a fire hose had been used to wash the street at this point and rid it of slush and snow; that water had accumulated in the depression referred to, and subsequent colder temperatures had caused the water to freeze and form ice at this point. Plaintiff stepped upon this ice and fell against a pile of snow and ice near the crosswalk, sustaining the injuries complained of in this action.

It is defendant's contention that it is not liable in damages for injuries sustained by plaintiff because of the existence of artificial ice which existed in conjunction with a general condition of ice and snow upon the public streets; that a municipality is not liable under the facts herein, because its employees were in the performance of governmental duties in cleaning the streets, and it is not liable for the negligence of its employees while so engaged, and, finally, that the judgment is excessive.

Plaintiff herein has predicated her action upon the theory that the defendant was negligent in cleaning the streets of ice and snow in that it permitted an accumulation of water to exist in the street depression during cold weather when the water froze into ice, and that such negligence, together with alleged negligence on the part of defendant in permitting the existence of the street depression for a period of four or five months, was the proximate cause of her injury.

It is well settled that a municipality is but a subdivision of the state engaged in exercising some of the functions of government in a limited locality. So long as it confines its activities to matters of purely governmental concern, it enjoys the same immunity from civil liability that is enjoyed by the state itself, unless the immunity from liability has been removed by statute. When a municipality extends its activities to proprietary or corporate functions, however, it places itself in the same general position as a private individual or corporation. In this, as well as in most jurisdictions, it is well settled that cleaning the streets of a city or town is within the category of those acts classed as governmental in character, as contrasted with those acts of maintenance of the streets, which are classed as proprietary functions. Spaur v. City of Pawhuska, 172 Okla. 285, 43 P. 2d 408.

With these general rules in mind it is necessary to determine whether the removal of the natural snow and ice accumulations from the streets of Tulsa constituted maintenance of the streets or merely cleaning them. In this connection it may be said that as a general rule a city is not liable for failure to remove snow or ice from its streets, so long as they exist in their natural state; and no action will lie for injuries caused by a mere slippery condition due to such natural snow and ice. 43 C. J. 1022. The record herein does not reveal any abnormal condition of snow and ice which would create such obstruction that the city would be under a duty to remove it as an act of maintenance necessary to keep the streets in a passable condition. It follows, therefore, that the city was engaged in the governmental function of cleaning the streets when it removed the snow and ice therefrom, and under the authority of Spaur v. City of Pawhuska, supra, was not liable for the negligence of its employees while engaged in such governmental capacity.

Plaintiff contends, however, that although the defendant may not be liable for its negligent acts in cleaning the streets, when the water was permitted to flow into the depression in the street and caused an icy condition, the two combine to produce the injury to the plaintiff, both of which are in their nature proximate, the one being a culpa-

ble defect in the highway, the other being some occurrence for which neither party is responsible, the defendant is liable.

This is true, provided the injury would not have been sustained but for the defect. Ring v. Cohoes, 77 N. Y. 83, 33 Am. Rep. 574; Atchison v. King, 9 Kan. 550; Heether v. Huntsville, 121 Mo. App. 495, 97 S. W. 239.

This rule, however, is modified in many jurisdictions. Where the defect in the sidewalk or pavement is so slight as to be harmless in itself, the fact that it concurs with a slippery condition to produce an accident does not make the municipality liable for any resulting injuries. Beaton v. Milwaukee, 97 Wis. 416, 73 N. W. 53.

In Hamilton v. Buffalo (1903) 173 N. Y. 72, 65 N. E. 944, reversing (1900) 55 App. Div. 423, 66 N. Y. Supp. 990, it appeared that the plaintiff was injured by falling on a crosswalk. The fall was caused by his foot slipping in a hole in the walk, when the latter was in a slippery condition. The hole was wedge-shaped and was 34 inches long, 12 inches wide and four inches deep, with rounded edges, and was formed by the wheels of heavily laden trucks. In an action against the city to recover damages for the injuries, it was held that the defect was too slight to charge the city with responsibility for the accident.

In Koepke v. Milwaukee (1901) 112 Wis. 475, 88 N. W. 238, it appeared that the plaintiff was injured by a fall on a walk covered with ice and snow. At the place of the accident there was a depression, the decline of which was ¾ths of an inch to the foot one way, with a lateral pitch of ¼th of an inch to the foot. The ice and snow were an ordinary accumulation and were somewhat rough and lumpy. It was held that the depression in the walk was not an actionable defect, and that the trial court would have been justified in taking the case from the jury.

Thus in Gower v. Madisonville (1918) 182 Ky. 89, 206 S. W. 27, the action was to recover damages for personal injuries sustained by the plaintiff by slipping and falling on a pavement. The place of the accident was on a slope at a street crossing. The slope was about four feet long and the lower end about seven inches below the top of the slope, and at the time was covered with ice and snow. It was held that the slope was not so steep as obviously to be dangerous in itself, and the fact that when it was covered with ice it became less safe for pedestrians did not make the city liable in damages for the injuries.

In Hopson v. City of Detroit, 235 Mich. 248, 209 N. W. 161, 48 A.L.R. 1150, it was held that ice on a sidewalk, whether on level places or in depressions, constitutes no defect entailing liability on a municipality. In that case there was a depression in the walk where it had settled and the cement had disintegrated, and this made the walk lower in the center. In this depression water had settled with ice at the bottom and a thin layer of water on top. In that case it was held:

"A 2-to-4-inch deep, saucer-like depression in a sidewalk does not constitute a culpable defect in the walk."

In the body of the opinion it is said:

"Plaintiff testified that the walk had sunk in the center, and the cement was broken and had disintegrated; that the hole was about 4 inches deep and had existed for two years at least, and she knew that rain water settled in the depression and ice formed there in the winter; that she never measured the depth of the depression and did not know exactly the depth thereof, but it might have been 2 inches deep; and that it was more than 1 inch deep. A witness for plaintiff thought the depression was 3 or 4 inches deep, because she had stepped in the depression and the water went over her rubbers and she judged 'a rubber is about 3 or 4 inches high,' but the depression might have been less than 3 or 4 inches deep, and might have been 2 inches deep, but was more than 1½ inches deep. * * *

"In Jackson v. Lansing, 121 Mich. 279, 80 N. W. 8, it was held that an ir-

158

regular depression in a cement sidewalk, 1½ to 2 feet in area and from 1½ to 3 inches deep caused by the breaking of the cement and wearing of the grouting, did not make the walk not reasonably safe for public travel. See, also, Cornell v. Ypsilanti, 212 Mich. 540, 180 N. W. 405."

In Lewis v. City of Tulsa, 179 Okla. 176, 64 P. 2d 675, this court held:

"Perpendicular drop of 14 inches in sidewalk at unlighted alley intersection in middle of block, created pursuant to adopted plan of construction approved by city, held not to constitute such a manifestly dangerous defect as to justify recovery against city for injuries sustained by woman who fell while stepping off such drop at night."

Plaintiff relies upon City of Chickasha v. Daniels, 123 Okla. 73, 251 P. 978, as controlling in the instant case. In that case the city authorized merchants to sprinkle the streets, and at the place of the accident the street had been sprinkled in the face of a known approach of freezing weather, forming a patch of ice upon the pavement. There was no general condition of ice and snow upon the streets and the patch of ice had existed for such time that notice of the hazardous condition of the street at that point was imputed to the city. The decision in that case is based upon authorities which have as their basis situations where hydrants burst, or were leaking, and similar situations where the facts are not analogous to the situation here presented. It does not appear that the court in that case gave consideration to whether the cleaning of the city streets by a municipality is a governmental or proprietary function.

In the instant case there was a general condition of ice and snow upon the streets throughout the city. From the authorities cited, supra, it is apparent that the depression in the pavement was not of such proportions as to render it an actionable defect in the street. That such depression became filled with snow and ice, either from natural causes or a result of the cleaning of the street by the city in pursuance of its governmental capacity, is insufficient to render the defendant liable.

It is well recognized that the use of water in the flushing of city streets is a common and modern method of cleaning the streets of mud and other accumulations which should be eliminated for the benefit of the public health and safety. Such acts are governmental in character and a municipality will not be liable for the negligence of its employees while in the performance of such governmental function.

Insofar as City of Chickasha v. Daniels, supra, may be construed as holding that the cleaning of city streets by the use of ordinary and well-recognized methods is not a governmental function, the same is disapproved.

Having taken this view of the matter, it is unnecessary to consider the remaining assignments of error.

The judgment of the trial court is reversed and the cause is remanded, with directions to dismiss the action.

BAYLESS, C. J., and GIBSON, HURST, DAVISON, and DANNER, JJ., concur. RILEY, J., dissents. WELCH, V. C. J., and CORN, J., absent.