## BARREE, Appellant, v. CITY OF CAPE GIRARDEAU.

### Division Two, June 19, 1906.

1. **CITY: Liability: Act of Servant.** For a personal injury wrongfully inflicted upon a private citizen by the servant of a city while in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, the city is not liable; on the other hand, if the servant, at the time he inflicted the injury, was in the exercise of power conferred upon the city for its private benefit, the city is liable for the servant's wrongful act.

2. ———: ———: ———: **Repairing Street: Assaulting Street Car Conductor: Pleading: Demurrer.** The petition alleged that plaintiff was the lessee of a corporation which held a street railway franchise from the city; that it was the duty of the city to keep its streets in repair; that it was in the act of repairing the same when plaintiff came along the track placed in the street, with his car; that one Brunke was the agent and servant of the city in making the repairs; that said agent and servant piled gravel and broken stones on the street car track, so that the car could not pass; that plaintiff undertook, when his car came along, to remove the same; that thereupon Brunke assaulted him, injuring his arm; and that the injury was inflicted in trying to prevent the repairs from being interfered with. *Held,* that the petition states a cause of action against the city for damages for the injuries inflicted.

3. ———: ———: ———: **Excess of Authority: Liability of Employer.** When an agent or servant is employed to perform a certain piece of work, and while in the line of his duty, injures another, even though he exceeds his authorized powers or disobeys his instructions, his employer is responsible to the party injured for damages sustained by reason of such injury.

4. ———: ———: ———: **General Liability of Corporations.** Corporations, whether municipal or aggregate, are held to the same liability as individuals; and if an agent or servant of the corporation, in the line of his employment, is guilty of negligence or commits a wrong, the corporation must respond in damages.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Sam M. Green* and *R. G. Ranney* for appellant.

(1) All the allegations in the petition are, by the demurrer, admitted to be true for the purpose of deciding the question raised by it. McKenzie v. Mathews, 59 Mo. 99. (2) The sole contention of respondent's counsel in the trial court was that the defendant, being a municipal corporation, could not be held responsible for the non-feasance of its servant. This contention was based on the case of Ulrich v. St. Louis, 112 Mo. 138. But in this case, as in all the others on this question, the court makes the same distinction, viz: That no relation of agency exists between the municipal corporation and its officers with respect to the discharge of public, governmental duties, and the corporation is not responsible for the acts or omissions of its officers. This is nothing more than an application and proper extension of the rule that the State is not liable for the misfeasance of its officers. Shearman & Redfield on Negligence, sec. 253. But where the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from the negligence or misfeasance

of such officer or servant, the corporation is liable, as in the case of private corporations or parties. Murtaugh v. St. Louis, 44 Mo. 479; Williams, Municipal Liability for Torts, sec. 11; Hunt v. Boonville, 65 Mo. 620; Hilsdorf v. St. Louis, 50 Mo. 94; Angell and Ames on Corporations, secs. 385-8; Sheldon v. Kalamazoo, 24 Mich. 385. And this is true, even though it may seem ultimately to the benefit of the public. Williams, Municipal Liability for Torts, sec.17; Maxmilliam v. Mayor of New York, 62 N. Y. 167; Garretzen v. Duenckel, 50 Mo. 104; Meade v. Railroad, 68 Mo. App. 92; Ephland v. Railroad, 137 Mo. 187; Mound City Paint & Color Co. v. Conton, 15 Mo. App. 601; Schmidt v. Adams, 18 Mo. App. 432; Wood on Master & Servant, secs. 267-287; Harriman v. Stone, 57 Mo. 93; Whitehead v. Railroad, 99 Mo. 263. For wanton acts of the servant while acting within the scope of his authority resulting in personal injury, the master is responsible. Perkins v. Railroad, 55 Mo. 201; Echert v. St. Louis Transfer Co., 2 Mo. App. 362. The doctrine of *respondeat superior* applies. Hoehl v. Railroad, 119 Mo. 339; Dillon on Municipal Corporations (4 Ed.), sec. 974.

*L. Caruthers* and *Robert L. Wilson* for respondent.

A municipal corporation exercising the powers, which are public and governmental functions delegated to it by the State exclusively for the public good, is not liable for negligence or malfeasance of its officers. One of the public duties of a city is to keep its streets in repair and for that the city receives no compensation. If powers are granted for public purposes exclusively, they belong to the corporate body in its political or municipal character and the uniform ruling in this State has been that a municipal corporation is not responsible for the malfeasance of its officers when in discharge of a public duty, and in the discharge of which the cor-

poration receives no pecuniary advantage. Murtaugh v. St. Louis, 44 Mo. 479; Armstrong v. Brunswick, 79 Mo. 321; Kiley v. Kansas City, 87 Mo. 106; Ulrich v. St. Louis, 112 Mo. 142; Jefferson Co. v. St. Louis Co., 113 Mo. 629; Donahue v. Kansas City, 136 Mo. 664; Bullmaster v. St. Joseph, 70 Mo. App. 63. There is a line of cases where municipal corporations have been held liable for damages for malfeasance of their officers, but in principle are unlike the case at bar. The rule laid down in those cases in this: That when the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from the negligence or misfeasance of such officer or servant, the corporation is liable as in the case of private corporation or parties, but when the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, then the corporation is not liable for malfeasance of its officers.

BURGESS, P. J.—This is an action for ten thousand dollars damages alleged to have been sustained by plaintiff by reason of the wrongful and unlawful acts and assault by one Fritz Brunke, agent and servant of defendant, upon plaintiff.

The petition, leaving off the formal parts, is as follows:

"Plaintiff for his cause of action, by leave of court first had and obtained for his amended petition herein, states that at all times hereinafter mentioned, he was the lessee of the Cape Girardeau Street Railway Company, a corporation duly incorporated under and by the laws of the State of Missouri, and which said corporation was and is the successor or assign of W. A. Penney and L. S. Joseph, to whom was granted by the

defendant, by ordinance No. 484, duly passed and adopted by said defendant, the right to construct and operate a street railway within the City of Cape Girardeau, Missouri, and especially over and along and through Spanish street of said city; that by the terms of his said agreement with said street railway company he had the same right to operate and run street cars over said streets in said city that the said street railway company has and had at said times, and the plaintiff was at the times hereinafter mentioned running and operating street cars, under and by virtue of his said agreement, over the said streets within said city.

"That the defendant is and was at all said times a municipal corporation, organized and existing under the laws of the State of Missouri, and was and is a city of the third class, exercising all the powers and bound by all the duties of cities of that class. That at all said times said Spanish street of said city was a public highway and it became and was then and there the duty of the defendant to at all times keep the same in repair and free from obstructions; but not regarding its duty in that behalf, on or about the 21st day of August, 1902, the said defendant, by its agents, servants and employees, and especially its agent and servant Fritz Brunke, did, carelessly, negligently and wrongfully, place and deposit in and on said Spanish street near Merriwether street a large quantity of gravel or broken stones; and in so doing, carelessly, negligently and wrongfully covered up and thereby obstructed the rails or track on which plaintiff's cars had to run, with said gravel or broken stones, so that it became and was then and there impossible for plaintiff to operate and run his cars over said streets and carry his passengers to their destinations without great danger to his said car and passengers. Thereupon plaintiff stopped his car, and for the purpose of avoiding said danger, began to remove said gravel or broken stones from his said

rails and tracks; and the said Fritz Brunke, being then and there the agent and servant of the defendant, and engaged in placing said gravel, or broken stones on said street for the purpose of repairing the same, and seeing the plaintiff removing said stones from his said rails and tracks, ordered him, the said plaintiff, not to interfere with said gravel or broken stones which had been placed on said rails as aforesaid by the said city defendant, and upon plaintiff's refusal to obey said order, the said Fritz Brunke then and there seized plaintiff by the right arm and jerked him away with great force and violence; and the plaintiff to save himself from being dragged over the streets and injured, caught hold of one of the iron rods on his car with his left hand; but the said Brunke, as the said agent and employee of the defendant and still trying to prevent said gravel and stones from being interfered with and for the purpose of protecting the defendant's streets from interference by the plaintiff, then and there negligently, carelessly and wrongfully jerked plaintiff's hand loose from said car with such force and violence that plaintiff's left arm was thereby greatly strained, bruised and injured. And to further protect defendant's streets and to prevent said gravel and broken stones from being removed, the said Brunke then and there struck, beat and otherwise abused this plaintiff by dragging him over the streets, taking him away from his car and attempting to lock him up in a dungeon in a remote part of the said city. That by reason of said injuries plaintiff's said left arm has been rendered useless and permanently disabled; that he has suffered great pain of body and distress of mind; that in consequence of said injuries inflicted as aforesaid he has been forced to give up his said contract with said street railway company, and ever since has been wholly incapacitated for any kind of labor; and altogether he has been damaged by reason thereof in the sum of ten thousand dollars, for which he asks judgment."

Defendant city demurred to the petition upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, plaintiff refusing to plead further, judgment was rendered for defendant on the demurrer. Plaintiff then filed motion for new trial, which was overruled. He appeals.

The principal question for consideration is whether defendant city is liable to respond in damages to plaintiff under the petition, admitting all of the material facts therein alleged to be true. By the charter of Cape Girardeau the general power is conferred upon the city to "open and improve streets, avenues, alleys and other highways, and to make sidewalks and build bridges, culverts and sewers within the city, and to exercise exclusive control over streets and alleys, and establish grades therefor."

It stands admitted by the demurrer that Fritz Brunke was the servant of defendant at the time of the commission of the injury complained of by plaintiff; but if the injury was committed while Brunke was in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, the corporation is not liable for the wrongful acts of its servant. On the other hand, if Brunke was in the exercise of a power conferred upon defendant corporation for its private benefit, then the defendant is liable for the wrongful acts of its servant, as in the case of a private individual. [Murtaugh v. St. Louis, 44 Mo. 479; Williams, Municipal Liability for Tort, sec. 11.] In Hilsdorf v. St. Louis, 45 Mo. 94, it is said:

"Corporations, whether municipal or aggregate, are now held to the same liability as individuals, and will not be permitted to screen themselves behind the plea that they are impersonal, and that their acts are but the acts of individuals; and if an agent or servant of a corporation, in the line of his employment, shall

be guilty of negligence or commit a wrong the corporation is responsible in damages.''

The making and improving of the streets by the city and keeping them in repair, is a ministerial function, and relates to corporate interests only. It is well settled in this State that a municipality is liable for negligence in the construction of streets or sewers. [Broadwell v. Kansas City, 75 Mo. 213; Worth v. Springfield, 78 Mo. 107; Wegmann v. Jefferson City, 61 Mo. 55; Thurston v. St. Joseph, 51 Mo. 510.]

In McKenna v. St. Louis, 6 Mo. App. 320, it is said:

"Municipal corporations are considered by law in two aspects. In one, their functions are chiefly ministerial, and relate to corporate interests only. These include the making and improving of streets, the construction of sewers and other improvements and keeping them in repair, the holding of property for corporate purposes, etc. But as to these matters of strictly corporate interest there are often duties to be performed of a legislative or judicial character. In the other aspect, the corporation is regarded as holding a quasi-delegated sovereignty for the preservation of the public peace and safety and the prevention of crime. This includes the maintenance of a police force, the appointment of officers charged with the public health, the establishing of regulations for the suppression of vice, and other matters of public concern in which all people have a common interest which it is the chief end of every good government to protect." The same rule is announced in Donahoe v. Kansas City, 136 Mo. 657.

In Bullmaster v. St. Joseph, 70 Mo. App. 60, it is said the authorities "make plain the distinction between those powers of a municipal corporation which are public governmental functions delegated to it by the State and conferred upon it exclusively for the public good, such, for instance, as that to maintain a city

workhouse or hospital, or that to abate, prevent and remove nuisances, or that to establish a fire department and to pass ordinances to extinguish fires, or those relating to the public peace and good order, or the suppression of vice and immorality, or preserving the public health, caring for the poor, or providing for education, or those relating to the general welfare coupled with judicial or legislative discretion touching the manner and mode of their exercise and the like; and those powers which are of a proprietary or private character which have been conferred for the private advantage of the municipality, as, for instance, those to construct and maintain sewers, to provide water for the use of the city and its inhabitants, or to make and repair streets, and other like powers granted for private municipal advantage and emolument. The officers of the municipality exercising the former class of powers are to be regarded as agents of 'the greater public,' while those of the latter are the agents of the lesser public. When the agents of 'the greater public' are guilty of nonfeasance or misfeasance in the exercise of any one of the former class of powers the principles of the maxim of *respondeat superior* do not apply, but the maxim does apply when the agents of the lesser public are guilty of nonfeasance or misfeasance in the exercise of the latter class of powers.''

In Maxmilian v. Mayor, 62 N. Y. 160, it is said:

"And the duty of keeping in repair streets, bridges and other common ways of passage, and sewers, and a liability for a neglect to perform that duty, rests upon an express or implied acceptance of the power and an agreement so to do. It is a duty with which the city is charged for its own corporate benefit, to be performed by its own agents, as its own corporate act. [Conrad v. Trustees of Ithaca, 16 N. Y. 158.] It is not always easy to say within which class a particular case should be placed. But when it is determined that the power

and duty are given and taken for the benefit of the corporation as a corporate body, and the act to be done is to be done by it through agents of its appointment and under its control and power of removal, there is no doubt of its liability for negligent omission or negligent attempt at performance. When the powers created and duly enjoined are given and laid upon officers to be named by the corporation, but for the public benefit and as a convenient method of exercising a function of general government, and the corporation has no immediate control nor immediate power of removal of those officers, nor of their subordinates and servants, then it is not liable for their negligent omission or action.''

It is true there are cases, some of which are cited in behalf of defendant, which are seemingly supposed by defendant's counsel to be in conflict with the views we have expressed, but they are clearly distinguishable, and have for their bases principles quite in harmony with those relied upon as supporting this action. When the duty is upon the city itself and not upon public officers appointed by it, when it accepts the duty and has the power to perform it, and by its own agents, servants or employees, does the work, and does it in a negligent way, or while in the line of their employment, its servants injure some one, whether intentionally or by carelessness, it may be held liable. [Jones v. New Haven, 34 Conn. 1.]

The petition charges that it was the duty of defendant city to keep its streets in repair; that it was in the act of repairing the same when the injury occurred; that Fritz Brunke was the agent and servant of the defendant in making the repairs, and that the injury was inflicted in trying to prevent the repairs from being interfered with.

It is a well-settled principle of law that when an agent or servant is employed to perform a certain piece of work and, while in the line of his duty, he in-

jures another, even though he exceeds his authorized powers or disobeys his injunctions, his employer is responsible to the party injured for damages sustained by reason of such injury. [Harriman v. Stowe, 57 Mo. 93; Douglass v. Stephens, 18 Mo. 362; Minter v. Railroad, 41 Mo. 503; Garretzen v. Duenckel, 50 Mo. 104; Ephland v. Railroad, 137 Mo. 187; Perkins v. Railroad, 55 Mo. 201; Dillon on Municipal Corporations (4 Ed.), sec. 974.]

Our conclusion is that the petition states a cause of action, and that the demurrer thereto should have been overruled. The judgment is therefore reversed and the cause remanded, to be proceeded with in accordance with the views herein expressed. All concur.