### WILLIAM T. HILL *vs.* CITY OF BOSTON.

Middlesex.    October 17, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Way,* Public: defect.

In this Commonwealth it is settled that the mere failure of a city to provide and maintain proper lights in its streets is not a defect under the highway act, even if the way unlighted is dangerous.

If a city maintains as a public way an underground passageway, where no natural light can reach it, a failure to light a staircase forming a part of the way, by reason of which a traveller thereon is injured, does not give such traveller a right of action under R. L. c. 51, § 18.

TORT under R. L. c. 51, § 18, for personal injuries sustained by the plaintiff on November 10, 1916, by reason of an alleged defect in a public way maintained by the defendant, called an underpass, leading underground from Haverhill Street to Canal Street in the city of Boston. The declaration alleged that the "passageway was dangerous and defective because of . . . being insufficiently lighted" and alleged that due notice of the time, place and cause of the plaintiff's injury was given to the defendant. Writ dated December 7, 1916.

In the Superior Court the case was tried before *Quinn,* J. There was evidence from which the jury could find that the plaintiff was injured by the accident. At the close of the plaintiff's evidence, which is described in the opinion, the defendant made a motion asking the judge to order a verdict for it. Thereupon the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*G. S. Harvey & R. S. Hartstone,* for the plaintiff.

*W. P. Higgins,* for the defendant.

PIERCE, J. This is an action of tort to recover damages 'for injuries sustained by the plaintiff on November 10, 1916, at about 4:55 P. M., while a traveller in an underground passageway in the defendant city, which was duly laid out and maintained by the defendant as a public way. The accident was caused by the plaintiff falling near the bottom of a flight of steps. He testified, "that as he got down very near the bottom, within two steps, that it was quite dark, that there appeared to be a shadow there; that he thought he had arrived at the bottom of the steps; that he stepped right off, and that instead of being at the bottom he was two or three steps above; that, there not being any light there, it cast a shadow; that he sprawled all over the ground of the subway, . . . that he never before had used that underpass after dark, . . . that the underpass . . . was so arranged as to provide for three electric lights over said stairs; that on this particular night there was no light there at all; that the first electric light that was lighted that night was in the passageway at right angles from the stairs and was quite a ways along from the foot of said stairs; that there were no electric lights near the stairway."

There was no evidence of any defect or obstruction in the passageway or upon the stairway. But the plaintiff contends that the passageway, by reason of the fact that it was entirely covered over and could be found to be "continuously dark; no lights at all; absolutely no artificial light," was not reasonably safe and convenient for travellers.

Whatever may be the measure of duty of a municipality to erect and maintain barriers and lights to warn and to guard against defects and obstructions in public ways, it is settled in this Commonwealth that the mere failure to provide and maintain

proper lights in its streets is not negligence under the highway act, even if the way unlighted be dangerous. *Sparhawk* v. *Salem*, 1 Allen, 30, 32. *Randall* v. *Eastern Railroad*, 106 Mass. 276. *Monies* v. *Lynn*, 119 Mass. 273, 275. *Lyon* v. *Cambridge*, 136 Mass. 419. *Spillane* v. *Fitchburg*, 177 Mass. 87, 88. *Dickinson* v. *Boston*, 188 Mass. 595.

In the circumstances disclosed by the evidence for the plaintiff, this case cannot be distinguished from the cases above cited.

*Exceptions overruled.*