WILFRED PELLETIER vs. CITY OF BEVERLY.

WILLIAM E. PELLETIER vs. SAME.

Essex.   November 5, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Municipal Corporations*, Liability for tort, Snow removal.

A municipality is not liable for injury resulting from negligence of its
employee while removing snow from a public way.

TWO ACTIONS OF TORT.   Writs in the First District Court
of Essex dated July 9, 1934.

The actions were heard in the District Court by *Hill*, J.,
who found for the defendant in each action.   Reports to
the Appellate Division for the Northern District were
ordered dismissed.   The plaintiffs appealed.

*J. A. Murphy*, for the plaintiffs.

*T. S. Sullivan*, City Solicitor, for the defendant.

QUA, J.   These actions are brought respectively by the
owner and by the operator of an automobile to recover for
injury to the vehicle and for personal injury to the operator
resulting from a collision with a truck owned by the de-
fendant city and driven by one Slattery, its employee, on
Cabot Street, a public way in said city, on February 20,
1934.

The defendant's truck was carrying a snow plow "on
front." Slattery drove it to and partly upon a railroad
crossing for the purpose of ploughing the street on the
other side of the crossing. When the plow was over the
rails, he became aware of an approaching train and "in-
stinctively and at once" backed off the track. As he did
so, "the tail of the truck" struck the automobile, causing
the damage complained of. The trial judge found for the
defendant.

By reason of G. L. (Ter. Ed.) c. 84, § 1, it was the duty of the defendant city to keep its ways in repair, "so that they may be reasonably safe and convenient for travelers . . . at all seasons." Performance of that duty is a governmental function, from which the city derives no profit in its private or corporate capacity and for negligence in respect to which it is not liable, except as it has been expressly made so by § 15 under specified conditions for injuries caused by defects. *Oliver* v. *Worcester*, 102 Mass. 489, 499. *Monies* v. *Lynn*, 121 Mass. 442, 444. *Hill* v. *Boston*, 122 Mass. 344, 351, 357. *Moynihan* v. *Todd*, 188 Mass. 301. *Ansell* v. *Boston*, 254 Mass. 208, 212. The city's duty under the statute includes the removal of snow, G. L. (Ter. Ed.) c. 84, §§ 7, 22, *Loker* v. *Brookline*, 13 Pick. 343, *Hadden* v. *Somerville*, 197 Mass. 480, although since St. 1896, c. 540 (see now G. L. [Ter. Ed.] c. 84, § 17), municipalities are no longer liable in private actions for injuries caused solely by snow or ice. *Newton* v. *Worcester*, 174 Mass. 181.

The injuries to the plaintiffs arose out of the performance by the defendant city of its public statutory duty, and were not caused by any defect in the way. The defendant is not liable. The cases are plainly distinguishable from *Dickinson* v. *Boston*, 188 Mass. 595, where it was said that the city undertook the enterprise of lighting its streets for its private benefit and not under any statutory requirement. *Hill* v. *Boston*, 231 Mass. 372. It is unnecessary to discuss the requests for rulings in detail or to deal with other aspects of the cases.

In each case the entry must be

*Order dismissing report affirmed.*