Marvin **MYERS**, Appellant,

**v.**

**CITY OF PALMYRA, Missouri, a Municipal Corporation, Respondent.**

No. 48694.

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

Myrl B. Sternke, Palmyra, Albert L. Rendlen, Rendlen & Rendlen, Hannibal, for appellant.

Harry J. Mitchell, Palmyra, for respondent.

STOCKARD, Commissioner.

■  This is an appeal from the orders of the Circuit Court of Marion County dismissing a petition and entering summary judgment for defendant on the pleadings in a suit for personal injuries. Plaintiff claimed damages in the amount of $30,000. Therefore this court has appellate jurisdiction. Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763.

Plaintiff alleged that on January 21, 1959, while standing on a public street he received personal injuries as the result of the negligence of the City of Palmyra when he was struck by a city owned tractor, with snow removing equipment attached, while being operated by an employee of the city to remove accumulations of snow from the streets "to make the same passable for traffic and for use by the public." There is no contention that the petition failed to state a cause of action if the city is subject to suit for the alleged negligence, and the issue on this appeal is thus narrowed to whether the doctrine of immunity of a municipality from liability for its torts applies to the acts of a city in removing accumulations of snow from the public streets for the purpose of making those streets passable for traffic.

■■  In determining whether or not a petition states a claim upon which relief may be granted the averments therein are to be given a liberal construction, and are to be accorded their reasonable and fair intendment. A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. Hiltner v. Kansas City, Mo., 293 S.W.2d 422, 424; Zuber v. Clarkson Construction Company, 363 Mo. 352, 251 S.W.2d 52. Plaintiff asserts in his brief that there was "a general condition of deep snow in the City of Palmyra," that there were "dangerous accumulations and banks or piles of snow on the streets of Palmyra constituting a hazard to vehicular and pedestrian traffic and rendering the streets impassable," and that the snow was "piled, banked and drifted to great depths in many places on the streets." We shall assume that it is reasonable to infer these facts from the more general allegations of the petition.

■  In Missouri, as in most states, municipalities are not liable as a general rule for torts arising out of what is called governmental functions. Dallas v. City of St. Louis, Mo., 338 S.W.2d 39; Hiltner v. Kansas City, supra; Vol. 18 Municipal Corporations, McQuillin 3rd ed., § 53.24. However, whether the construction, repair, and maintenance of streets be classified as a corporate or proprietary function, Mengel v. City of St. Louis, 341 Mo. 994, 111 S.W.

2d 5, or as a ministerial function, Barree v. City of Cape Girardeau, 197 Mo. 382, 95 S.W. 330, 6 L.R.A.,N.S., 1090, 114 Am.St. Rep. 763, or as governmental function for which there is an exception to the rule that a municipality is not liable for its torts, as implied in Cassidy v. City of St. Joseph, 247 Mo. 197, 152 S.W. 306, under the law of this state "it is the primary and non-delegable duty of the city to exercise ordinary care to keep its streets in a reasonably safe condition for travel," Sutton v. Fox Missouri Theatre Company, Mo., 336 S.W.2d 85, 92, and to this activity the doctrine of immunity from liability for torts does not apply. The above rule was developed in cases which arose out of situations wherein the plaintiff claimed to have been injured as the result of the municipality failing to keep the streets in a reasonably safe condition for travel. However, it is also well established that a city is liable for its torts arising out of the acts of its employees while engaged in constructing its streets, or in maintaining and repairing the streets to make them reasonably safe for travel. Boyd v. Kansas City, 291 Mo. 622, 237 S.W. 1001; Barree v. City of Cape Girardeau, supra; Carruthers v. City of St. Louis, 341 Mo. 1073, 111 S.W.2d 32; Adams v. City of Frankford, Mo.App., 251 S.W. 125. Therefore, a city must act with due care, not only to keep the streets free from dangerous conditions but also in doing any act to repair them and maintain them open for traffic, and under the well-established law of Missouri it is liable for its torts resulting from activities done in carrying out these duties regardless of the name by which they may be called.

By reason of the nature of the acts in removing accumulations of snow from the streets and the purpose of making the streets passable, it would appear that such activity constitutes maintenance of the streets, an activity to which the doctrine of immunity does not apply in Missouri. Defendant contends, however, that the activity of removing accumulations of snow from the streets should be classified as a governmental function and that the doctrine of immunity for torts should apply. We shall examine the reasons advanced in support of this contention.

Defendant cites and relies on Hayes v. Kansas City, 362 Mo. 368, 241 S.W.2d 888, and Lober v. Kansas City, 339 Mo. 1087, 74 S.W.2d 815, 100 S.W.2d 267, which hold that the cleaning of streets by a municipality is a governmental function to which the doctrine of immunity applies. It then argues that "the snow removal was for the protection and preservation of health, to enable the sick to get to the drug store, doctor or hospital, to enable the inhabitants to get food and fuel necessary to preserve health, and to enable the police, fire, and sanitary departments of the city to continue in operation, and the function was therefore governmental." This argument is equally applicable to every activity of a city in constructing, repairing, and maintaining streets for which the courts have held the doctrine of immunity from liability for torts does not apply. The fact that from the activity of removing snow to make the streets passable there may be an incidental benefit to the health of the community is not controlling. In Hayes v. Kansas City, supra, the incidental benefit in keeping a street open for travel did not cause the activity of street cleaning to lose its classification as a governmental function with the attending immunity from tort liability. See also Adams v. City of Frankford, Mo.App., 251 S.W. 125. In City of Tulsa v. Wheetley, 187 Okl. 155, 101 P.2d 834, the city flushed snow and slush from the streets and sidewalks with a fire hose. The plaintiff was injured when he fell on ice subsequently formed. The court held that the activity was for the purpose of cleaning the street, and therefore it constituted a governmental function, but it clearly distinguished the factual situation there under consideration from that where there was an "abnormal condition of snow and ice which would create such obstruction that the City would be under a duty to remove it as an act of maintenance necessary to keep the streets in a passable

condition." This is the precise condition that existed in this case according to the allegations of the petition when accorded their reasonable and fair intendment.

■ Defendant next contends that ice and snow on a street is not an obstruction which it is required to remove, and it cites Reedy v. St. Louis Brewing Ass'n, 161 Mo. 523, 61 S.W. 859, 53 L.R.A. 805; Rice v. Kansas City, Mo.App., 16 S.W.2d 659; and Beane v. City of St. Joseph, 215 Mo.App. 554, 256 S.W. 1093. These cases pertain to the situation where a person was injured because of the presence of ice or snow on streets and sidewalks, and the question in each was whether the city had a duty to remove the condition but negligently failed to do so. As to the duty of a city to remove a general snow from its streets and side-walks, see Walsh v. City of St. Louis, 346 Mo. 571, 142 S.W.2d 465. In the present case, however, plaintiff was not injured as the result of the negligence of the defendant in not removing the accumulations of snow from the streets, and it is immaterial whether under the particular circumstances the defendant would have been negligent in not doing so when it did, or at any time. The defendant did undertake to remove the snow from its streets to maintain the streets open for travel, and in doing so it had the duty to act without negligence. It is this latter duty which plaintiff contends was violated in this case.

We have neither found nor been cited to any Missouri case directly in point, and there are but few cases from other jurisdictions pertaining to the liability of a municipality for its torts occurring while removing snow from its streets. In Johnson v. Board of Road Com'rs of Ontonagon County, 253 Mich. 465, 235 N.W. 221, and in Pelletier v. City of Beverly, 292 Mass. 468, 198 N.E. 772, the plaintiffs were injured by the alleged negligent operation of equipment being used to remove snow from streets or highways. In the first case it was held that the activity constituted maintenance of the streets or highways, and in the

second case it was held that the equipment was being used to keep the streets in repair so they would be reasonably safe and convenient for travelers at all seasons. In each case it was held that the activity was a governmental function because under the law of that state the maintenance of streets and highways was a governmental function to which the doctrine of immunity for torts applied. In Flamingo v. City of Waukesha, 262 Wis. 219, 55 N.W.2d 24, the city removed snow from its streets and piled it on a river bank. A shelf of ice and snow was built up overhanging the river, and a boy was drowned when the shelf gave way and dropped him into the river. A demurrer to the petition was sustained because, as stated by the court, "It is well settled that the maintenance of streets and highways in a condition fit for travel is a governmental function."

Although the above three cases reach the result that under the law of the state in which the case arose the municipality was not liable for its torts arising out of the activity of removing snow from the streets and highways, they constitute authority for the contrary result under the applicable law of Missouri. Each case holds that the removal of snow constitutes the maintenance of streets to make them reasonably safe for travel, and under the law of Missouri the doctrine of immunity of a municipality from liability for its torts does not extend to that activity.

■ The removal by a municipality of accumulations of snow from its streets, when not done primarily for purposes of sanitation and the health of the community, constitutes a maintenance of the streets in furtherance of the general duty of a city to maintain its streets in a reasonably safe condition for travel. Under the law of Missouri the doctrine of immunity of a municipality from liability for its torts does not extend to activities done in the performance of this duty. The modern tendency is to restrict rather than extend the area of immunity. Dallas v. City of St.

Louis, supra, 338 S.W.2d at p. 41. The circumstances of this case present no reason to extend the doctrine of immunity beyond the limits previously established. We must necessarily conclude that the petition does state a claim upon which relief may be granted, and that the trial court erred in dismissing the petition for that reason.

The judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.