Jack D. MERRIMAN, Respondent,

v.

Frank CATON, Appellant,

and

J. B. DILLINGHAM, Third-Party Defendant-Respondent.

No. 51342.

Supreme Court of Missouri,

Division No. 2.

Nov. 8, 1965.

Pettijohn & Eiser, Oregon, for respondent and third-party respondent.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.

STOCKARD, Commissioner.

This is an appeal by defendant Frank Caton from a summary judgment entered on plaintiff's petition for money due and owing, and on Caton's counterclaim and cross-claim in quantum meruit for labor performed.

For ten years beginning in 1952 Caton was the tenant of Jack D. Merriman and J. B. Dillingham under an oral agreement that he should pay as rental one half of the crops produced on the land. This tenancy was terminated by Merriman and Dillingham effective March 1, 1962. In June of that year Merriman brought suit against Caton to recover the sum of $2,400, the balance due on an amount alleged to have been loaned to Caton for the purchase of farm equipment. After Caton filed his answer he brought Dillingham in as a third-party defendant, and then by his counterclaim against Merriman and cross-claim against Dillingham he sought $24,000 in quantum meruit for work and labor. The allegation

was as follows: "That [Merriman] and [Dillingham] were co-partners in the ownership of certain farm property known and described as * * *; that * * * since August 1952 and for many years thereafter [Caton] was continuously a tenant of [Merriman] and [Dillingham] on said premises under an oral agreement which provided, *inter alia,* that [Caton] should pay as rental one half of the crops produced upon said land; that at the special instance and request of [Merriman] and [Dillingham] * * * Caton, in addition, worked and labored in the clearing of timber, refuse, and waste materials from the surface of said land continuously during all of the years of said tenancy from August 1952 to March 1962; that [Caton] complied with all the terms of said agreement by him to be met but that [Merriman] and [Dillingham] nevertheless terminated the tenancy of [Caton] effective the first day of March 1962, and otherwise breached the terms of said oral agreement between the parties with respect to payment to * * * Caton for clearing certain land to the great damage to [Caton] in these, to-wit: * *." It was then alleged that Caton had cleared 800 acres of land, and that the reasonable value of such work to Merriman and Dillingham was $30 per acre or $24,000.

Merriman and Dillingham did not seek to have the above pleading made more definite and certain, and they do not challenge its sufficiency to state a claim. In fact, in their first point in their brief to this court they admit that Caton was proceeding in quantum meruit. In their responsive pleading they admitted that "since August 1952, and for many years thereafter," Caton was a tenant on their land under an oral agreement pursuant to which Caton was to receive one half of the crops while a tenant, and they then denied "that at their instance or request defendant Caton did any additional work or labor in the clearing of timber, refuse, and waste material from the surface of said land or that they agreed to pay the defendant in any other manner than one-half of the crops produced upon said

land." They also pleaded an estoppel and accord and satisfaction.

At what appears to have been a conference between counsel before the trial court so that matters not in dispute could be submitted by agreement, counsel for Caton admitted that Caton owed Merriman the $2,400 referred to in plaintiff's petition. Counsel for Merriman and Dillingham admitted that Caton had not been paid anything for clearing the land "as such." Counsel for Caton also admitted that during the tenancy he had received $55,682.48 as "Commodity loans through the ASC office" for his share of the crops grown on the land. Based on the pleadings and these admissions the trial court then entered summary judgment in favor of Merriman and against Caton in the amount of $2,400 with interest from December 1, 1961, and in favor of Merriman and Dillingham on Caton's counterclaim and cross-claim. From the discussion between the trial court and counsel it appears that the theory of the trial court was that if one half of the crops received by Caton as his share under the oral agreement pertaining to his tenancy of the land had a value in excess of the amount sought by Caton, he was not as a matter of law entitled to recover anything. In reaching this conclusion the trial court relied on Gipson v. Fisher Bros. Co., Mo. App., 204 S.W.2d 101, and Stewart v. Droste, Mo.App., 294 S.W.2d 600. We agree that these cases lend support to that result, but *only* when there is no agreement for work and labor separate and apart from the agreement pertaining to the tenancy and the sharing of the crops. In fact, Gipson v. Fisher Bros. Co. expressly held, and we agree with that holding, that quantum meruit was available to a tenant to recover for work and labor done pursuant to a "special and independent agreement" separate from the agreement pertaining to tenancy and sharing of the crops when that special agreement was not enforceable because of the statute of frauds and the landlord terminated the tenancy. See also 37 C.J.S. Frauds, Statute of § 259.

 

The essential issue in this case is whether Caton pleaded an action for quantum meruit on the theory that he and Merriman and Dillingham entered into an agreement pertaining to the clearing of the land separate and apart from their agreement pertaining to the tenancy and division of crops. In determining whether a pleading states a claim upon which relief may be granted the averments therein are to be given a liberal construction, and are to be accorded their reasonable and fair intendment. A pleading is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. Myers v. City of Palmyra, Mo., 355 S.W.2d 17, 18, 92 A.L.R.2d 791; Zuber v. Clarkson Construction Company, 363 Mo. 352, 251 S.W.2d 52. It must be admitted that the counterclaim and cross-claim is not a model of precise pleading, but when we view it in the light of the above principles it stated an action for quantum meruit for work and labor in clearing land under an agreement separate and apart from the oral agreement of tenancy and division of crops, which was unenforceable by reason of the statute of frauds and which was terminated by Merriman and Dillingham.

We turn now to the authority of the trial court to enter summary judgment under these circumstances. Summary judgment is authorized where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law," but, "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Civil Rule 74.04(c) and (h), V.A.M.R. See also Cure v. City of Jefferson, Mo., 380 S.W.2d 305, 309. In this case Caton would be entitled to recover in quantum meruit if there was in fact an agreement pertaining to the clearing of the land separate and apart from the agreement pertaining to the tenancy and division of crops. Caton has pleaded such an agreement, and Merriman and Dillingham in their pleading have denied its existence. This issue of fact could not be resolved by summary judgment on the pleadings and the admissions made by counsel in this case. Entry of summary judgment was not authorized.

The judgment is reversed and the cause remanded for further proceedings.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.