**Noel SMITH, Plaintiff-Appellant,**

v.

**LEWIS COUNTY ABSTRACT AND IN-
VESTMENT COMPANY, a Corpo-
ration, Defendant-Respondent.**

**No. 32407.**

St. Louis Court of Appeals.

Missouri.

March 21, 1967.

Motion for Rehearing Denied April 25, 1967.

Tom B. Brown, Edina, J. Andy Zenge, Jr., Canton, for plaintiff-appellant.

Earl L. Veatch, Monticello, J. Patrick Wheeler, Canton, for defendant-respondent.

WOLFE, Judge.

This is an action whereby the plaintiff seeks to recover from the defendant abstract company the sum of $5,000 in damages. It alleged that the damages arose by reason of an omission in an abstract of title whereby the plaintiff was caused

to lose his claim of title to certain real estate that he had purchased. The defendant filed a motion to dismiss the petition. The court sustained the motion to dismiss and thereafter the plaintiff appealed.

The petition is as follows:

"Plaintiff, for his cause of action against the defendant, states:

"1. That the defendant is and was at all times herein mentioned a corporation duly organized under the laws of Missouri with its principal office in Monticello, Lewis County, Missouri.

"2. That at all times herein mentioned the defendant was engaged in the business of searching records, preparing and extending abstracts and certifying titles to real property in Lewis County, Missouri.

"3. That the defendant either prepared or extended an abstract covering land in which was included the following described real estate:

A part of the Southeast Fourth of the Southeast Quarter of Section Twenty-six (26), Township Sixty (60), Range Six (6) West, beginning at a stone at the Northeast corner of said Southeast Fourth of the Southeast Quarter of said Section Twenty-six (26), thence South 96 feet, thence West 213 feet to the East line of the right-of-way of Missouri State Highway #61, thence North 1°15′ West 98 feet, thence East 216 feet to the place of beginning, all in Lewis County, Missouri;

that at various times at the request of the plaintiff the abstract was re-extended by the defendant and following each of said extensions, and following the initial preparation of the abstract the defendant caused a certificate to be affixed to the abstract certifying in substance that all matters of record affecting the title to the real estate described in the caption were included in the abstract as the same appeared from the records of deeds, mortgages, judgments, probate proceedings, taxes and liens of Lewis County, Missouri.

"4. That the defendant negligently, carelessly and unskillfully conducted such an examination and carelessly failed to ascertain if said abstract and the subsequent extensions thereof did, in fact, contain all deeds and matters of record affecting the title to the land described in said abstract as fully as same appeared on the records in the Recorder's Office in Lewis County, Missouri; that the plaintiff relied upon the abstract and the extensions thereon made and paid the required fee for extending said abstracts as requested by defendant and the plaintiff relied upon the correctness of said abstract when he purchased the property and in his subsequent dealings with said property.

"5. That in truth and in fact a deed dated the 29th day of December, 1931, by and between Public School District No. 8, also known as Walnut Grove, which was duly filed for record in the Recorder's Office of Lewis County, Missouri, on the 2nd day of February, 1932, was recorded and was of record in Lewis County, Missouri, but that the same was negligently and carelessly omitted by the defendant, its agents, servants and employees, when the abstract was prepared and subsequently extended.

"6. That the La Grange Reorganized School District No. R-VI of Lewis County, Missouri, subsequently made claim to the land hereinabove described which had been purchased by this plaintiff, relying upon the abstract prepared and extended by the defendant; that a suit was filed in the Circuit Court in Lewis County, Missouri, by which the said School District, as a successor to the Walnut Grove School District, asserted the title to said property and sought to establish their title by court action against the plaintiff; that the plaintiff obtained counsel and

defended the title which he claimed, relying upon the abstract which had been prepared and extended by the defendant; that the plaintiff lost the suit in the trial court but appealed to the Supreme Court of Missouri, where the plaintiff again lost and title was held to be vested in the School District in a final judgment dated April 14, 1958, at which time plaintiff's cause of action arose.

"7. That the plaintiff was compelled to and did retain counsel to defend the law suit in the Circuit Court of Lewis County, Missouri, and to perfect the appeal for which he expended substantial sums of money; that he was compelled to advance money for the transcript on appeal and for the printing of a brief; that he was compelled to and did pay expenses and costs, together with the expense of prosecuting the appeal in the Supreme Court of Missouri; that the value of the land which was held to belong to the School District was $3,500; that by reason of the negligence and carelessness of the defendant, its agents, servants and employees in preparing the abstract and making subsequent extensions thereof in failing to correctly abstract the deed which was of record which purported to give the School District's predecessors in title a claim to the property and the subsequent attempts to defend the title to said property have caused the plaintiff expense and damages in the sum of Five Thousand Dollars ($5,000.00).

"8. That the decision of the trial court and the Supreme Court of the State of Missouri were based primarily on the fact that the omitted deed from the abstract was notice to the world that the School District was claiming a title but that by reason of same having been omitted from the abstract upon which the plaintiff had a right to and did rely, his claim to title was defeated and he has suffered the damages as hereinabove set forth.

"WHEREFORE, Plaintiff prays judgment against the defendant in the sum of Five Thousand Dollars ($5,000.00), together with his costs."

The defendant filed a "motion to dismiss" which simply stated that the defendant moved to dismiss the petition on the "ground that the petition fails to state a claim upon which relief can be granted." This is all that the record discloses except that a subpoena was issued directed to the plaintiff to produce the abstract mentioned in the petition. The record does not disclose whether or not the abstract was produced. There is no evidence of it of record nor record of any other evidence offered to the court.

The respondent asserts here in support of the court's action in dismissing the petition that the petition "does not allege facts showing that the cause of action if any was not barred by the statute of limitations." The defense of the statute of limitations is an affirmative defense and if the defendant relies upon it he must plead it. Curlee v. Donaldson, Mo. App., 233 S.W.2d 746; Kopp v. Moffett, 237 Mo.App. 375, 167 S.W.2d 87. The defendant herein did not file an answer or in any way of record assert such a defense, therefore it was not before the court and the action of the court in dismissing the petition could not be sustained upon this ground.

It is also contended that the petition should have been dismissed because it did not allege privity of contract. With this we cannot agree. In determining whether or not a petition states a claim upon which relief may be granted its allegations must be given a liberal construction and they are to be accorded their reasonable and fair intendment. We cannot hold a petition insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. Myers v. City of Palmyra, Mo., 355 S.W.2d 17, 92

A.L.R.2d 791; Jacobs v. Jacobs, Mo., 272 S.W.2d 185 Applying these rules to the quoted petition we believe it states a cause of action, and that the court erred in holding to the contrary.

It may be that both defenses here asserted are available to the defendant. If this is true and there are no issues of fact properly tryable to a jury or the court the defendant has available to him the remedy of moving for a summary judgment after properly complying with Rule 74.04, V.A.M.R., in relation thereto.

For the reasons stated judgment of the trial court in dismissing the petition is reversed and the cause remanded.

ANDERSON, P. J., and RUDDY, J., concur.