**Anthony JAIME and Aurora Jaime, Appellants,**

**v.**

**NEUROLOGICAL HOSPITAL ASSOCIATION OF KANSAS CITY et al., Respondents.**

No. 56710.

Supreme Court of Missouri, Division No. 1.

Jan. 8, 1973.

Robert L. Shirkey, Paul Crider, Jr., Kansas City, for appellants.

William H. Sanders, David C. Trowbridge, Kansas City, for respondent, G. Wilse Robinson, M.D.

Guy A. Magruder, Jr., Kansas City, for respondent, Neurological Hospital Ass'n of Kansas City; Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, of counsel.

BARDGETT, Judge.

This is a medical malpractice case and the issue is whether or not plaintiffs' amended petition filed after the expiration of the two-year statute of limitations, § 516.140, V.A.M.S., 1969, contains sufficient allegations so as to bring it within the insanity savings provision of § 516.170, V.A.M.S., as to the respondents, G. Wilse Robinson, Albert E. Fulton, and Neurological Hospital Association of Kansas City, who were first made parties to the action by the amended petition.

Respondents filed answers to the amended petition asserting the two-year statute of limitations, § 516.140, as an affirmative defense and thereafter filed a motion to dismiss as to respondents on the

ground that § 516.140 barred the action as to them. The trial court sustained respondents' motion to dismiss with prejudice on the ground that § 516.140 barred the action and designated its order as a final judgment for purposes of appeal in accordance with Civil Rule 82.06, V.A.M.R., (now Rule 81.06, V.A.M.R.), and plaintiffs appeal. The damages sought are in excess of thirty thousand dollars and the appeal was filed prior to January 1, 1972. This court has jurisdiction. Art. V, § 3, Const. Mo.1945, V.A.M.S.; § 477.040, V.A.M.S., 1969.

In Count I of the amended petition, Anthony Jaime, the husband of Aurora Jaime, seeks damages for medical expenses and loss of services allegedly resulting from the injuries to his wife. Count II is the damage suit of Aurora Jaime.

Count I, paragraph 9, alleges, inter alia, that "At all times herein while Aurora Jaime was hospitalized and while she was under the care, treatment and observation of the defendants, and each of them, she was kept under regularly prescribed sedation and by reason thereof, together with her mental disability was unable to understand or appreciate the consequences of her act or acts and in particular the danger and hazards of using matches and smoking cigarettes while under sedation and the attendant hazard that . . . Aurora Jaime might fall asleep or be unable to protect herself from injury . . . ."

Paragraph 6 of Count I alleges, "Prior to December 31, 1963, the plaintiff Anthony Jaime did employ the services of defendants and each of them individually and as co-partners, for reasonable compensation paid and to be paid to treat Aurora Jaime for severe and disabling mental disturbance and disability, known and described as Schizophrenic reaction, chronic undifferentiated type which employment the defendants, and each of them, agreed to accept and discharge, and from which condition Aurora Jaime has continuously suffered to present date and whereby this petition is amended in accordance with V. A.M.S. 516.170."

In Count II, Aurora Jaime adopted all of the allegations of Count I except those in which the damages to the husband are alleged.

Sec. 516.170, V.A.M.S., provides, "If any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be . . . insane, . . . such persons shall be at liberty to bring such actions within the respective times in sections 516.-100 to 516.370 limited after such disability is removed."

Respondents' motion to dismiss asserted that plaintiffs' claims were barred by the two-year statute of limitations as set forth in § 516.140, V.A.M.S., and it is evident from the amended petition itself that the alleged events upon which the suit is based occurred more than two years prior to the filing of the amended petition on November 29, 1968.

The motion to dismiss admits, for the purpose of the motion, all facts well pleaded. Molumby v. Shapleigh Hardware Co., Mo.App., 395 S.W.2d 221, 225, and in considering a petition on a motion to dismiss the court must construe it liberally and favorably to plaintiff, giving him the benefit of all inferences fairly deducible from the facts stated. Hall v. Smith, Mo., 355 S.W.2d 52, 55.

In Fendler v. Roy, 331 Mo. 1083, 58 S.W.2d 459, loc. cit. 464, this court said, " 'Unsoundness of mind has been judicially declared to be synonymous with "insanity." It exists where there is an essential privation of the reasoning faculties, or where a person is incapable of understanding and acting with discretion in the ordinary affairs of life.' "

Aurora Jaime alleges in her amended petition that she was, at all times mentioned

therein, suffering from a mental disability and was unable to understand or appreciate the consequences of her acts. It is further alleged that this condition continued from prior to December 31, 1963, the date upon which the event occurred which allegedly damaged Aurora Jaime, to the present, and § 516.170, V.A.M.S., the tolling statute, is specifically invoked.

■ Considering the definition of insanity as set forth in Fendler v. Roy, supra, and construing the amended petition liberally in favor of the pleader, the court holds that the allegations in the amended petition are sufficient to invoke the tolling provisions of § 516.170. This holding is not a determination that Aurora Jaime was insane during the times alleged, but merely that the amended petition sufficiently alleged insanity during the requisite period. Whether or not the specific mental malady pleaded in the amended petition constituted or resulted in insanity, as defined in Fendler v. Roy, supra, is a question to be determined upon proper evidence relating thereto and cannot be decided on this appeal.

■ Respondents contend, however, that the "activities" of Aurora Jaime in retaining an attorney, filing a petition, and cooperating in the processing of the litigation, as well as her answers to interrogatories, indicate she was not insane during the original two-year period of limitations. The trial court heard no evidence on the motion to dismiss and the interrogatories are not part of the pleadings in the case, nor were they offered in evidence. At trial Aurora Jaime will have the burden of proof as to her alleged insanity, and the respondents will have the opportunity to offer proper evidence as to her activities to refute the allegation of insanity, if they care to.

A statute of limitations is an affirmative defense and must be pleaded. Rule 55.09, V.A.M.R. It may be true that the defense of the statute of limitations is available to respondents, but such does not appear conclusively from the amended petition in this case. The respondents have available to them the remedy of moving for a summary judgment after properly complying with Rule 74.04, V.A.M.R., in relation thereto. Smith v. Lewis County Abstract & Investment Co., Mo.App., 415 S.W.2d 33, 36.

The trial court erred in sustaining respondents' motion to dismiss Count II of the amended petition, the count in which Aurora Jaime is plaintiff.

■ Count I of the amended petition in which Anthony Jaime is plaintiff was properly dismissed as to the additional parties, respondents herein. This for the reason that it is nowhere alleged that Anthony Jaime suffered under any of the disabilities mentioned in § 516.170, V.A.M.S., which would toll the two-year limitation applicable to this action and thus it is evident from the amended petition itself that the claim of Anthony Jaime is barred by § 516.140 as to the respondents.

The judgment of the circuit court dismissing Count I of the amended petition of Anthony Jaime as to respondents is affirmed.

The judgment of the circuit court dismissing Count II of the amended petition of Aurora Jaime as to respondents is reversed and the cause remanded.

All of the Judges concur.