LOUISE WALENTY, individually and as executrix,[1] *vs.* TOWN OF MENDON. No. 00-P-438. August 30, 2002. *Governmental Immunity. Massachusetts Tort Claims Act. Negligence,* Municipality. *Municipal Corporations,* Liability for tort. *Practice, Civil,* Summary judgment.

On June 10, 1994, while attempting to cross Route 140 in Mendon, Edward Walenty, the plaintiff's decedent, was struck by an automobile and killed. The plaintiff brought this action against the town of Mendon alleging that the town, by failing to light Route 140, caused Edward Walenty's death and also caused the plaintiff emotional distress.

Claiming immunity under G. L. c. 258, §§ 10(*b*) and 10(*j*), the town sought summary judgment. Its motion was denied, and this appeal ensued.[2] We reverse.

---

[1]Of the estate of Edward Walenty.

[2]The town sought leave to appeal from an order of a single justice of this court. She, citing *King* v. *Commonwealth*, 428 Mass. 684, 687-688 (1999), denied the motion, ruling that the denial of a motion for summary judgment based on a claim of immunity

The plaintiff, and the motion judge, relied on a letter written to her son on November 17, 1995, more than fifteen months after the accident, by one Michael E. Boynton, the town's "administrative assistant." The letter, the plaintiff claims, creates a material question of fact and precludes summary judgment. The first and third paragraphs of the letter state:

> "The Mendon Board of Selectmen is exploring the possibility of placing a streetlight at the intersection of Barrows Road and Route 140 [the scene of the accident]. The light will either be on Pole #1 Barrows Road or on a pole directly across the street on Route 140 . . . .

> "The Selectmen are considering this streetlight placement in accordance with town policy which directs that all intersections in the town be illuminated with streetlights. This is a public safety concern as this intersection currently does not have a streetlight. . . ."[3]

At the hearing on the motion for summary judgment, the plaintiff correctly conceded that in the absence of a town policy, the town would not be liable. The location of utility poles is a discretionary function, see *Sanker* v. *Orleans*, 27 Mass. App. Ct. 410, 412 (1989), and the town is immune from any claim based upon the exercise or failure to exercise such a function. G. L. c. 258, § 10(*b*). See *Hill* v. *Boston*, 231 Mass. 372, 373-374 (1918) (failure to provide proper lights is not negligence under the highway act even if the unlighted way is dangerous).

The relevance of Boynton's letter is that if there were a town policy existing at the time of the accident directing that all intersections in the town be illuminated with streetlights, " 'the carrying out of [a] previously established polic[y] or plan[]' and municipal negligence in such a respect is not sheltered as a discretionary function." *Sanker* v. *Orleans*, 27 Mass. at 413, quoting from *Whitney* v. *Worcester*, 373 Mass. 208, 218 (1977).

In support of its motion, the town submitted affidavits from Boynton and from the present "administrative assistant" of Mendon. Both affidavits stated that at some time, subsequent to the accident, the police department was asked to identify dangerous roadways which would benefit from the installation of lights. They also stated that there is not, nor was there at the time of the ac-

---

from suit is subject to the doctrine of present execution, is immediately appealable, and does not require leave from a single justice. See *Kent* v. *Commonwealth*, 437 Mass. 312, 315-317 (2002).

[3]Two paragraphs of the letter were omitted in the text above. Paragraphs two and four state as follows:

Paragraph two: "As a direct abutter to this intersection, the Board requested that you be notified of the potential streetlight location. Your questions and comments are also welcome regarding this issue. If you have a question or would like to provide your input, please contact me here at the Mendon Town Hall."

Paragraph four: "This issue will most likely be discussed and voted on at the Selectmen's meeting of December 11, 1995. Please contact me prior to this date with any questions or comments you may have. Or, you are of course welcome to attend the December 11th meeting for the same purpose."

cident, a policy of the town to provide street lights at all intersections within the town, and that such a policy would have had to be established by the selectmen. Boynton's attempt to explain his previous statement is set forth in the margin.[4]

The only evidence of any "policy" that would lead to a duty on the part of the town is Boynton's letter. As administrative assistant, he would not have authority to promulgate such a policy or to impose such a duty on the town. That would be the function of the selectmen. There is no evidence of any such action by the selectmen; indeed, the affidavits are to the contrary.

Our cases provide "that a party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial [as does the plaintiff here] is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). In addition, summary judgment should not be denied if no "fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 809 (1991) (internal quotations omitted). *Donaldson* v. *Farrakhan*, 436 Mass. 94, 96 (2002), citing *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

We have no doubt that a fair-minded jury would not find that the loose wording in Boynton's letter, without more,[5] rose to the level of proof required to establish that the town had a policy of putting a street light at every intersection. To find such a policy, a fair-minded jury would need far more proof than Boynton's letter.

The judgment is reversed, and the matter is remanded to the Superior Court for an entry of judgment in favor of the town.

*So ordered.*

*Matthew P. McCue* for the defendant.
*Daniel S. Sharp* for the plaintiff.

---

[4]"My letter to Mr. Walenty refers to a Town 'policy' to light all intersections in the Town of Mendon. Town policy, however, is established by the Board of Selectmen. When I composed that letter to Mr. Walenty and other abutters of Barrows Road and Route 140 on November 17, 1995, I was merely trying to inform him and all abutters that the sitting Board of Selectman [*sic*] at that time wanted to illuminate intersections in problem areas to the extent that funding allowed."

[5]The plaintiff did not oppose the motion on the ground that she needed more time for discovery. See Mass.R.Civ.P. 56(f), 365 Mass. 824 (1974).